UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL FINANCIAL SUPPORT, INC., d/b/a Student Financial Resource Center, d/b/a College Financial Advisory; and ARMOND ARIA a/k/a ARMOND AMIR ARIA, individually and as owner and CEO of GLOBAL FINANCIAL SUPPORT, INC.,<br><br>Defendants. | Case No.: 15-cv-02440-GPC-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>[ECF No. 11] |

Before the Court is Plaintiff Consumer Financial Protection Bureau's ("Plaintiff's") Motion to Strike Defendants Global Financial Support, Inc. d/b/a Student Financial Resource Center d/b/a College Financial Advisory and Armond Aria's (collectively "Defendants'") Affirmative Defenses. (Mot. Strike, ECF No. 11.) The motion has been fully briefed. (*See* Opp'n, ECF No. 18; Reply, ECF No. 19.) The Court finds the motion suitable for disposition without oral argument. Civ. L. R. 7.1(d)(1). Upon consideration of the moving papers and the applicable law, and for the following reasons, the Court **GRANTS** Plaintiff's motion to strike.

1

# BACKGROUND

On October 29, 2015, Plaintiff filed its Complaint against Defendants for alleged violations of Sections 1031(a), 1036(a)(1)(B), 1053 and 1055 of the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5531, 5536(a)(1)(B), 5564(a) and 5565 in connection with the offering, marketing, sale and provision of student financial aid advisory services, and under Section 1016 of Regulation P, 12 C.F.R. § 1016.4(a), based on Defendants' failure to provide a required notice. (Compl. ¶ 1, ECF No. 1.) Defendant Aria is the owner and registered agent of Global Financial Support, Inc., the President of College Financial Advisory, and the CEO of Student Financial Resource Center. (*Id.* ¶ 10.)

Plaintiff alleges that from at least January 2011 until the present (the "Relevant Period"), Defendants have run a deceptive scheme to persuade high school seniors, enrolled college students and their families to participate in a student financial aid "program." (*Id.* ¶ 22.) As part of the program Defendants promise to match students with targeted financial aid opportunities. (*Id.*) Defendants identify these consumers by purchasing lists of student information from online vendors. (*Id.* ¶ 28.) Plaintiff alleges that Defendants have sent millions of letters to consumers nationwide that employ seals and watermarks of iconic images found predominantly on seals and watermarks used by government agencies. (*Id.* ¶ 30.) At the top of each letter is a bold print box that includes a "filing deadline" and a "filing status," which always reads "pending." (*Id.* ¶ 31.) Each letter also includes in large bold print in a box at the center of the page a nine-digit "student profile number" and the name of the student's academic institution. (*Id.* ¶ 32.)

The letters instruct students or their families to fill out and return an application called a "Student Aid Profile Form" along with a "refundable processing fee"—which has varied from $59 to $78 depending on the year—to proceed with the student aid "program" and "apply for the maximum merit and need–based financial aid programs." (*Id.* ¶¶ 33–34.) Plaintiff alleges that the "Student Aid Profile Form" looks visually similar to the Free Application for Federal Student Aid ("FAFSA") and uses similar terms. (*Id.* ¶ 33.) On the Student Aid Profile Form, Defendants promise to "review" and "assess" borrowers'

applications and "strive to provide as many targeted financial aid opportunities as possible to each and every student, regardless of his/her financial status or academic performance." (*Id.* ¶ 35.) Defendants' letters warn that completed forms must be received by the filing deadline and that "the entire processing fee will be returned within ten (10) business days to all students who do not qualify or do not receive financial aid funding." (*Id.* ¶¶ 37, 39.) Plaintiff alleges that Defendants' letters represent that consumers will lose their opportunity to obtain student financial aid unless they submit the Student Aid Profile Form and pay the fee to Defendants by a specified date. (*Id.* ¶ 40.) Plaintiff alleges that Defendants' "program" deadline does not correspond to any real deadline associated with any particular financial aid opportunity and is an arbitrary date that serves only to give the letters an artificial sense of urgency. (*Id.* ¶ 60.) Plaintiff alleges that Defendant Global Financial Support, Inc. claims its physical address is 3268 Governor Drive, Suite F, PMB 144, San Diego, CA 92122 but the address is merely a PostalAnnex+ store near Defendant Aria's home and not a business address. (*Id.* ¶¶ 7, 49.)

Along with the letters, Plaintiff alleges that Defendants' scheme utilizes two websites—www.collegefinadv.org and www.studentctr.org—with .ORG as its generic top-level domain. (*Id.* ¶ 40.) The main pages of these two websites prompt consumers to input a "Student Profile Number" in order to enter the site and view content. (*Id.* ¶ 45.) However, although consumers are instructed that they must input their individual nine–digit number in order to access the content on the website, there is no individualized content on the website. (*Id.* ¶ 47.) The website provides instructions for downloading and filling out the Student Aid Profile Form. (*Id.*)

Defendants claim consumers can use a toll–free phone number to reach the "College Financial Advisory Student Aid Information Center." (*Id.* ¶ 48.) Consumers' calls to this number and the number provided for the Student Financial Resource Center are directed to a third–party answering service where an unaffiliated person answers the call, disclaims any association with the Defendants, and purportedly forwards any message along to the Defendants. (*Id.*)

Plaintiff alleges that Defendants do not provide the services offered in their letters and on their website and do not fulfill their promise that "the entire processing fee will be returned within ten (10) business days to all students who do not qualify or do not receive financial aid funding." (*Id.* ¶¶ 51, 57.) Instead, many consumers receive absolutely nothing or a generic booklet that is not tailored to the consumers' circumstances in exchange for sending in their Student Aid Profile Form and fee. (*Id.* ¶¶ 58–59.) Plaintiff alleges that Defendants have obtained at least $4.7 million in fees from at least 76,000 consumers during the Relevant Period. (*Id.* ¶ 60.)

On December 7, 2015, Defendants filed a first amended answer along with twenty–two affirmative defenses, eight of which Plaintiff moves to strike. (Answer, ECF No. 9; Mot. Strike, ECF No. 11.) Defendants filed an opposition on January 22, 2015 (Opp'n, ECF No. 18) and Plaintiff filed a reply on February 5, 2015 (Reply, ECF No. 19).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(f), the Court may, by motion or on its own initiative, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from the pleadings. FED. R. CIV. P. 12(f). The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). The Court begins its analysis by determining whether the affirmative defenses are "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." *See id.* at 973–74.

The Court must view the pleadings in a light most favorable to the pleading party when ruling upon a motion to strike. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citing *California v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981)). Motions to strike are regarded with disfavor because striking is such a drastic remedy. *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012).

If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)). Although generally disfavored, a court's ruling on a motion to strike will be overturned only for abuse of discretion. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

In the Ninth Circuit, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). "It does not, however, require a detailed statement of facts." *Id.*

## DISCUSSION

Plaintiff moves to strike eight of Defendants' affirmative defenses. First, Plaintiff argues that affirmative defenses 15, 16 and 7 are immaterial and/or impertinent because while they are asserted as defenses to Plaintiff's deception claims they are unnecessary and unrelated because they are actually defenses to an unfairness claim. (Mot. Strike at 5–8, ECF No. 11.) Second, Plaintiff contends that affirmative defenses 2 and 17–20 do not meet the fair notice standard. Defendants argue that Plaintiff's complaint is not clearly limited to claims of deception—and not also claims of unfairness and abuse—under the CFPA, failure to state a claim is a viable defense, and Defendants' affirmative defenses provide fair notice. (Opp'n, ECF No. 18.)

**A.   Immaterial/Impertinent Affirmative Defenses**

In Counts I–IV of the Complaint Plaintiff alleges that Defendants "used deceptive statements to induce consumers into paying a fee for financial services it did not provide in violation of the Consumer Financial Protection Act." (Compl. at 11, ECF No. 1.) Plaintiff argues that affirmative defenses 15 and 16 are immaterial and/or impertinent

because while they are asserted as affirmative defenses to Plaintiff's deception claims, affirmative defenses 15 and 16 are actually defenses to an unfairness claim (which is not alleged here) and affirmative defense 7 is not relevant because a deception claim does not require a showing of "risk to consumers." (Mot. Strike at 5–8, ECF No. 11.) Defendants contend that on the face of the Complaint it is not clear whether Plaintiff alleges CFPA violations based on unfairness, deception or abuse against consumers. (Opp'n at 4–5, ECF No. 18.)

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fogerty*, 984 F.2d at 1527 (quoting 5C Fed. Prac. & Proc. Civ. § 1382). "'[I]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (quoting 5C Fed. Prac. & Proc. Civ. § 1382). The CFPA prohibits covered persons from engaging in "any unfair, deceptive, or abusive act or practice." 15 U.S.C. § 5536.[1] Courts have determined that the standard for a CFPA deception claim is the same as the standard under section 5(a) of the Federal Trade Commission Act ("FTCA"). *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*, 114 F. Supp. 3d. (N.D. Ga. July 4, 2015). *See also Consumer Fin. Prot. Bureau v. Siringoringo*, No. SACV 14–01155–JVS–AJWx, 2016 WL 102435, at *4 (C.D. Cal. Jan. 7, 2016); *Consumer Fin. Prot. Bureau v. ITT Educ. Servs., Inc.*, —— F.Supp.3d ——, 14–cv–0292, 2015 WL 1013508, at *17–20 (S.D. Ind. Mar. 6, 2015), *appeal docketed,* No. 15–1761 (7th Cir. Apr. 8, 2015) (CFPA's prohibition on "unfair" or "abusive" practices is not unconstitutionally vague because longstanding interpretations of the FTCA should inform interpretation of the CFPA). Under interpretation of section 5(a) of the FTCA, the agency, in order to prove a deceptive act or practice, must show (1) a representation, omission or practice that, (2) was likely to mislead consumers acting

---

[1] The CFPA also permits the Bureau to commence a civil action to prevent a covered person from committing or engaging in an unfair, deceptive, or abusive act or practice under federal law. 12 U.S.C. §§ 5531(a); 5564.

reasonably under the circumstances, and (3) the representation, omission, or practice was material. *FTC v. Stefanchik,* 559 F.3d 924, 928 (9th Cir. 2009) (quoting *FTC v. Gill,* 265 F.3d 944, 950 (9th Cir. 2000)).

Defendants' affirmative defense 15 alleges Plaintiff fails to state a claim for violation under the CFPA because "Defendants conduct did not cause or is likely to cause substantial injury to consumers." (Affirmative Defense ("AD") ¶ 15, ECF No. 9.) Affirmative defense 16 provides that Plaintiff's cause of action under the CFPA is barred "because Plaintiff cannot show Defendants' act or practice causes or is likely to cause substantial injury to consumers which is not reasonable avoidable by consumers." (*Id.* ¶ 16.) A deception claim under the CFPA does not require a showing of substantial injury to consumers. Instead, these are elements of an unfairness claim. *See* 12 U.S.C. § 5531(c)(1) (defining "unfairness" as an "act or practice [that] causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers"). Because Plaintiffs do not allege an unfairness claim, affirmative defenses 15 and 16 are immaterial and impertinent.

Meanwhile, affirmative defense 7 is likewise irrelevant as it alleges that "Defendants' acts or practices at issue in the Complaint do not pose 'risks to consumers' within the meaning of the Consumer Financial Protection Act"—and a deception claim does not require a showing of "risk to consumers." If Plaintiff amends its Complaint to allege CFPA violations premised on unfairness or abuse, Defendants may seek leave to amend affirmative defenses pursuant to Rule 15.

The Court finds that affirmative defenses 15, 16 and 7 are immaterial and impertinent to Plaintiff's deception claim under the CFPA. Accordingly, the Court **STRIKES** these affirmative defenses.

**B.  Insufficiently Pled Affirmative Defenses**

Plaintiff asserts that five of Defendants' affirmative defenses are insufficient because they fail to provide adequate notice to Plaintiff. (Mot. Strike at 9–11, ECF No. 11.) Defendants argue that failure to state a claim is a viable affirmative defense and the remaining affirmative defenses provide fair notice. (Opp'n at 5–10, ECF No. 18.)

Rule 8 governs pleading whether by complaint or answer. Rule 8(c) specifically addresses affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense" in the responsive pleading. FED. R. CIV. P. 8(c)(1). In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. *Wyshak*, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.").

Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 (2007), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* While a plaintiff need not provide detailed factual allegations, he does need to allege the grounds for entitlement to relief beyond mere labels and conclusions. *Id.* at 555. In 2009, the Supreme Court, in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), clarified that *Twombly* was based on its interpretation and application of Federal Rule of Civil Procedure 8, thereby extending *Twombly's* pleading standard to all civil cases.

The Ninth Circuit has not yet decided whether the pleading standard in *Twombly*, and *Iqbal* applies to affirmative defenses. District courts within the Ninth Circuit are split on the issue. *See J & J Sports Productions, Inc. v. Scace*, No. 10–cv–2496–WQH–CAB, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011) (discussing cases). This Court agrees with the reasoning of those courts which have held that district courts in this circuit remain bound by the holding of *Wyshak*, 607 F.2d at 827. *See Trustmark Ins. Co. v. C & K Mkt., Inc.*, No. CV 10–0465–MO, 2011 WL 587574, at *1 (D. Or. Feb. 10, 2011). Accordingly, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827.

**(1)    Affirmative Defense 20**

As their affirmative defense 20, Defendants "reserve Defendants' right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional, unknown or unstated affirmative defenses would be applicable." (AD ¶ 20, ECF No. 9.) Plaintiff argues that this is not an affirmative defense and the Court agrees.

The mere "'reservation of affirmative defenses' is not an affirmative defense." *E.E.O.C. v. Timeless Investments, Inc.,* 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010). Defendants may assert additional affirmative defenses later by amending their pleadings in compliance with Rule 15.  *See* FED. R. CIV. P. 15; *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 493 (S.D. Cal. 2013) (citing *U.S. v. Global Mortg. Funding, Inc.,* 2008 WL 5264986 at *5 (C.D. Cal. 2008) ("[I]f a Defendant seeks to add affirmative defenses, it must comply with the procedure set out in Federal Rule of Civil Procedure 15."); *Timeless Investments, Inc.,* 734 F. Supp. 2d at 1055 ("Rule 15 does not require a defendant to "expressly reserve" unnamed affirmative defenses in its answer.")).  In short, Defendants "[are] either entitled to raise additional defenses at a later time or [ ] [are] not; [their] right to reserve [their] rights to do so is a legal nullity." *U.S. v. Glob. Mortgage Funding, Inc.*, No. SACV 07–1275–DOC–PJWx, 2008 WL 5264986 at *5 (C.D. Cal. May 15, 2008). Therefore, the Court **STRIKES** Defendants' affirmative defense 20.

### (2)   Affirmative Defense 2

Defendants' affirmative defense 2 alleges that the Complaint fails to state a claim upon which relief can be granted.  (AD ¶ 2, ECF No. 9.)  Plaintiff asserts that failure to state a claim is a Rule 12(b)(6) motion and not an affirmative defense and fails to provide sufficient notice. (Mot. Strike at 10–11, ECF No. 18.)  The Court agrees.  Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Plaintiff's prima facie case. *Barnes v. AT&T Pension Ben. Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (internal citations omitted).  *See also Baker v. Ensign*, No. 11-CV-2060-BAS WVG, 2014 WL 4161994, at *4 (S.D. Cal. Aug. 20, 2014) ("Rule 12(b)(6) motion is the proper means of asserting that particular claims are insufficient.") (citing *See Zivkovic v. S. Cal. Edison Co, 108.*, 302 F.3d 10808 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.")).  Accordingly, despite its inclusion in Civil Form 30, failure to state a claim under Rule 12(b)(6) is properly brought on a motion to dismiss and not as an affirmative defense. *Barnes*, 718 F. Supp. 2d at 1174.  Defendants' reliance on district courts outside

of the Ninth Circuit that have held otherwise is unavailing.  The Court therefore **STRIKES** Defendants' affirmative defense 2.

### (3)     Affirmative Defenses 17–19

Plaintiff argues that affirmative defenses 17–19 constitute "mere reference[s] to a legal doctrine [and provide] insufficient notice.  (Mot. Strike at 10–11, ECF No. 11 (internal citations omitted).)  Defendants respond that these affirmative defenses are well–pled.  (Opp'n at 6–10, ECF No. 18.)

In affirmative defense 17, Defendants contend that Plaintiff's claims are "barred by the Statutes of Limitation, in that the actions alleged in the complaint date back to 2011."  (AD ¶ 17, ECF No. 9.)   The Court agrees with Plaintiff that this sentence alone is insufficient to provide fair notice.  *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 470 (S.D. Cal. 2013) (striking defendant's affirmative defense that plaintiff's claims were "barred by the applicable statute of limitations").  Although Defendants argue in their opposition that the CFPA provides a three–year statute of limitations after discovery of the violation to which an action relates, Defendants' answer makes no mention of the applicable statute or how it applies.  Accordingly, the Court **STRIKES** Defendants' affirmative defense 17.

Defendants' affirmative defense 18 is legally plausible but fails to provide fair notice of the nature and grounds of the defense.  Defendants' affirmative defense 18 states: "Plaintiffs actions in this matter have been arbitrary and capricious."  (AD ¶ 18, ECF No. 9.)  This affirmative defense merely states legal doctrine without any attempt, however cursory, to explain how liability is precluded, even if Plaintiff's allegations were true.  *See Stevens v. Corelogic, Inc.*, No. 14–cv–1158–BAS–JLB, 2015 WL 7272222, at *4 (S.D. Cal. Nov. 17, 2015); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.").  Though a detailed recitation of facts is unnecessary, some fact or argument must be presented in order for the Court to conclude that the defense asserted is indeed an affirmative defense." *Baker*, 2014 WL 4161994, at *4.  "Neither mere reference

to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument explaining the defense." *Stevens*, 2015 WL 7272222, at *4 (S.D. Cal. Nov. 17, 2015). As such, the Court **STRIKES** Defendants' affirmative defense 18.

Defendants' affirmative defense 19 alleges:

> Plaintiff's Complaint must be dismissed because Plaintiff has exceeded the authority granted to it under the Consumer Financial Protection Act. For example, without limitation and according to the public policy, intent of the statute delegating power to the Consumer Financial Protection Bureau, Plaintiff is first required to investigate, involving Defendants in the process, and take administrative action, to mitigate any perceived damages to the consumer. Instead, Plaintiff prevents Defendants from knowing the areas of Plaintiff's concern and sued without notice.

(*Id.*) Defendants specify that Plaintiff has exceeded authority granted to it by the CFPA by, at least, suing without notice and suggest that Plaintiff was required to take administrative action and mitigate damages. However, Defendants fail to point to any applicable law that gives rise to the defense other than vaguely referencing the CFPA. Defendants suggest that Plaintiff had a duty to take administrative action, mitigate damages, and provide notice but do not adequately identify the legal authority giving rise to the duty. Accordingly, the Court **STRIKES** Defendants' affirmative defense 19.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's motion to strike affirmative defenses 15, 16, 7, 20, 2, and 17–19. Furthermore, unless it would prejudice the opposing party, courts should freely grant leave to amend stricken pleadings. *Wyshak,* 607 F.2d at 826; *see also* FED. R. CIV. P. 15(a)(2). Therefore, the Court **GRANTS** Defendants' leave to file an amended answer in order to revise any affirmative defenses so they are consistent with this order on or by **March 18, 2016**.

**IT IS SO ORDERED**.

Dated:  February 24, 2016

Hon. Gonzalo P. Curiel
United States District Judge