JOHN C. WELLS
Deputy Enforcement Director
JAMES T. SUGARMAN
Assistant Litigation Deputy
NINA H. SCHICHOR, MD Bar (no assigned number)
(E-mail: nina.schichor@cfpb.gov)
(Phone: 202-435-9770)
1700 G Street NW
Washington, DC 20552
Fax: (202) 435-7722

Attorneys for Plaintiff
Consumer Financial Protection Bureau

Mark S. Bagula, Esq. (SBN 171141)
BAGULA, RIVIERE, COATES AND ASSOCIATES, LLP
9888 Carroll Centre Road, Suite 235
San Diego, CA 92126
Tel: (619) 272-4235
Fax: (619) 272-4309

Attorneys for Defendants, GLOBAL FINANCIAL SUPPORT, INC., and ARMOND ARIA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Consumer Financial Protection Bureau, | Case No. 15-cv-02440-GPC-WVG |
| Plaintiff, | **JOINT STATEMENT REGARDING THE STAY** |
| v. | |
| Global Financial Support, Inc., d/b/a Student Financial Resource Center, d/b/a College Financial Advisory; and | Judge:  Hon. Gonzalo P. Curiel<br>Courtroom:  2D<br>Conf. Date:  N/A |
| Armond Aria a/k/a Armond Amir Aria, individually, and as owner and CEO of Global Financial Support, Inc.; | |
| Defendants. | |

## JOINT STATEMENT

1. For over two years now, since May 17, 2016, the Court has stayed this case due to a criminal investigation of Defendant Armond Aria ("Defendant").

2. The Court has continued the stay eleven times in this case, each time ordering the parties to file a joint statement apprising the court of the propriety of continuing or vacating the stay in approximately 60 days.

3. Over a year ago, on May 10, 2017, Defendant informed the Court that he had signed a plea agreement with the Assistant U.S. Attorney for the Southern District of California ("Assistant United States Attorney") but that he did not know if the

Department of Justice and Internal Revenue Service had approved the agreement yet. (ECF No. 47.)

4. On or about December 4, 2017, Defendants were informed that the plea agreement was not approved in its current form by the DOJ Tax Division.

5. As of August 13, 2018—over eight months later—Defendant represents that the AUSA not provided him with an amended plea agreement.

6. No criminal indictment has yet been filed against Defendant.

7. The Court has issued sequential stays in 60 day increments since May of 2016. The Court most recently issued its twelfth stay on June 20, expiring 60 days later.

### The Bureau's Statement

8. The Bureau requests that the Court grant no more than a 30-day stay for the reasons stated in its original Opposition to Defendants' Motion to Stay (Opp'n, ECF No. 31) and in the twelve previous Joint Status Reports, and because the Bureau does not know if the Assistant United States Attorney and Defendant will ever resolve the criminal case.

9. This enforcement action should not have to standby indefinitely. The Bureau therefore requests that the Court's order include a provision to lift the stay after this final 30-day extension has expired.

### Defendant's Statement:

10. On August 13, 2018, Defendants' criminal counsel Patrick Hall ("Mr. Hall")

informed Defendants' civil attorneys in the CFPB matter that neither Mr. Hall nor Defendants have received the revised plea agreement from the Assistant United States Attorney ("AUSA").

11. However, Defendants continue to await comments or revisions to the plea agreement from the AUSA and are therefore continuing to negotiate the plea agreement in good faith with the AUSA, Internal Revenue Service ("IRS") and the Department of Justice ("DOJ") Tax Division.  Again, the complexity of negotiations with multiple parties has added delays we wish were not necessary. However, the reasons for which this Court properly granted the current stay of this action remain in place, as should a stay.  Furthermore, there should be no provision automatically lifting the stay after its expiration if the circumstances necessitating the stay continue to exist.

12. On or about May 10, 2017, Defendants signed a plea agreement proposed by the AUSA and returned the same to the AUSA.

13. However, the plea agreement has neither been approved nor signed by the AUSA.

14. The AUSA previously informed Defendants that approval of the plea agreement had to be obtained from the IRS and the DOJ Tax Division.

15. Again, neither the IRS nor the DOJ have approved the plea agreement.

16. The IRS and DOJ sought additional information from Defendants, which Defendants have provided.

17. As stated above, Defendants received comments from DOJ Tax Division via the U.S. Attorney's office on October 11, 2017, and provided additional information to the U.S. Attorney's office on October 13, 2017.

18. On or about December 4, 2017, Defendants were informed that the plea agreement was not approved in its current form by the DOJ Tax Division.

19. Defendants' criminal counsel Mr. Hall last met with AUSA Andrew Galvin ("Mr. Galvin") this year on January 26, 2018.  The AUSA is evaluating the plea agreement and expects to provide Defendants with a revised version of the same. Defendants are eagerly awaiting the plea agreement from the U.S. Attorney's office so that the criminal matter and then the CFPB matter can be resolved.

20. Accordingly, good faith negotiations regarding the criminal matter remain ongoing.

21. Defendants will continue to provide Plaintiff with material updates regarding the status of the criminal matter.

22. Plaintiff previously asked Defendants to consider providing Plaintiff with documents (namely IRS returns) that Defendants have provided to the AUSA.

23. However, Defendants informed Plaintiff that Defendants' criminal defense attorney advised against the production of documents for the reasons set forth in prior Joint Statements including, but not limited to, the fact that Defendants' tax returns are not finalized.

24. Because the Defendants' documents are not finalized, in the event the plea agreement is not approved and Defendant not sentenced, additional financial information may have to be provided by Defendants (which has already occurred).

25. Until the plea agreement is approved and Defendant is sentenced by the U.S. District Court for the Southern District of California, the AUSA reserves the right indict Defendants (and will in fact indict Defendants if the plea agreement is not approved and Defendant is not sentenced).

26. Settlement discussions with the CFPB require as a precursor, *according to the CFPB*, that Mr. Aria turn over financial information.  It is only reasonable that the criminal matter should first be finalized and then the data can be turned over to the CFPB to satisfy the CFPB's settlement demands.  Defendants have informed Plaintiff on multiple occasions of its intention to resolve the CFPB matter as quickly as reasonably possible.

27. As of the date of this filing, Defendants have complied with the requests of the AUSA, IRS and DOJ; and are awaiting their approval of the plea agreement.

28. Defendants have not unnecessarily delayed, as the process of interacting with different government entities has itself caused the lapse of time.

29. Furthermore, because the AUSA, IRS and DOJ require a reasonable amount of time in which to review the information provided, obtain the requisite approvals and engage in other actions to which Defendants are not privy, this case should be

    stayed for a reasonable period of time (one which does not defeat the purpose of the stay by requiring the parties to file new joint statements and return to this Court too quickly).

30. In addition to the foregoing, if the CFPB matter is recommenced before resolution of the criminal matter, Mr. Aria will have no choice but to assert his 5th Amendment rights. There is no danger the CFPB needs to prevent since the CFPB has ensured Mr. Aria no longer practices his business and generates no income therefrom.

31. Therefore, Defendants respectfully request that this case be stayed for an additional 60 days (without provisions to automatically lift the stay) to afford the Defendants, AUSA, IRS and DOJ a reasonable opportunity to finalize the settlement the criminal mater.

                                            Respectfully submitted,

John C. Wells
Deputy Enforcement Director

James T. Sugarman
Assistant Litigation Deputy

/s/ Nina Schichor
Nina Schichor, MD Bar
(MD Bar Does Not Issue Bar Numbers)
(E-mail: nina.schichor@cfpb.gov)
(Phone: 202-435-9770)
*Enforcement Attorney*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

1
2
3
4
5
6
7
8
9
10  Dated: August 17, 2018
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fax: (202) 435-7722

**BAGULA, RIVIERE, COATES AND ASSOCIATES, LLP**

By: s/Mark S. Bagula
Mark S. Bagula, Esq.,
Email: Bagula@brcaa.com
Attorneys for Defendants, GLOBAL FINANCIAL SUPPORT, INC., and ARMOND ARIA

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2018, I electronically filed the foregoing document via ECF and that service was perfected on all counsel of record through email.

/s/ Nina Schichor
Nina Schichor
*Enforcement Attorney*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552