UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL FINANCIAL SUPPORT, INC., d/b/a Student Financial Resource Center, d/b/a College Financial Advisory; and ARMOND ARIA a/k/a ARMOND AMIR ARIA, individually and as owner and CEO of GLOBAL FINANCIAL SUPPORT, INC.,<br><br>Defendants. | Case No.: 3:15-cv-02440-GPC-WVG<br><br>**ORDER EXTENDING STAY FOR 30 DAYS AND LIFTING STAY ON MAY 27, 2019**<br><br>**[ECF No. 72.]** |

  This matter has been stayed since May 17, 2016 based upon an ongoing criminal investigation of Defendant Armond Aria. (ECF Nos. 34, 38, 40, 42, 46, 48, 51, 55, 57, 59, 61, 63, 65, 67, 69, 71.) The most recent stay was set to expire on April 27, 2019. On April 22, 2019, the parties submitted a joint status report to the Court, in which Defendants requested an extension of the stay for another 60 days, and Plaintiff stated it was amenable to no more than a 30-day extension with an order for the stay to be lifted thereafter. (ECF No. 72.)

For the reasons articulated below, the Court will grant a final 30-day extension and order the stay to be lifted at its conclusion.

## I. Background

On April 7, 2016, Defendants Desmond Aria and his company, Global Financial Support, Inc., petitioned the Court for a stay of the civil proceedings instituted by the Consumer Financial Protection Bureau ("CFPB") which alleged that Defendants violated the Consumer Financial Protection Act in connection with their offering, marketing, sale and provision of student financial aid advisory services. Defendants argued that a stay was necessary in light of a parallel and ongoing criminal investigation against Mr. Aria by the IRS and the FBI premised on the same nucleus of facts. To refuse a stay, they argued, would be to undermine their Fifth Amendment privilege and ability to mount a defense.

On May 17, 2016, the Court applied the multi-factor *Keating* analysis to Defendants' request and ordered a stay. (ECF No. 34.) *Keating* held that "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege;" on the contrary, "[i]n the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (alterations omitted). At the same time, *Keating* recognized that a stay may be ordered at the court's discretion when the interest of justice so required. The Court determined that a temporary stay should be issued because Defendant Aria's interest in preserving his Fifth Amendment privilege and the burden on Defendants, outweighed the prejudice to the CFPB, the Court's convenience in the management of its cases, and the interests of the public and third parties.

Since the initial stay was instituted in 2016, the Court has extended the stay fifteen times. Several developments occurred in the interim. In May of 2017, Mr. Aria informed the Court that he had signed a plea agreement with the Assistant United States

Attorney for the Southern District of California ("AUSA"), but that the Department of Justice, Tax Division ("DOJ Tax"), and the IRS had not yet approved the agreement. (ECF No. 72, at 3.) Thereafter, in December of 2017, Defendants were informed that the plea agreement was not approved by DOJ Tax. (*Id.*) Defendants state that they are still in the process of negotiating a plea agreement. (*Id.*) To date, no criminal indictment has yet been filed against Mr. Aria. (*Id.*)

## II. Discussion of the *Keating* factors

The Court finds it proper to revisit the necessity of the stay given its lengthy pendency. Upon consideration of the *Keating* factors, and in recognition of the fact that a stay is an "extraordinary remedy" to be rarely prescribed, *Trade Comm'n v. Adept Mgmt., Inc.*, No. 1:16-CV-00720-CL, 2017 WL 722586, at *3 (D. Or. Feb. 23, 2017), the Court finds that the circumstances no longer weigh in favor of maintaining a stay in the civil action.

### A. Defendants' Fifth Amendment Rights

Originally, the Court found that this factor weighed in favor of a stay. Although no criminal indictment had been filed at the time, the Court held that Defendants could potentially face a significant challenge to the preservation of their Fifth Amendment rights. Given the apparent coordination between the CFPB, IRS, and FBI, proceeding in the civil case might "expand the rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the protection in advance of criminal trial, or otherwise prejudice the case." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. 1980).

Now, almost three years later, the risk of such an outcome has considerably lessened. No indictment has been issued, making the possibility that the civil proceedings will hamper the Defendants' ability to defend in an inchoate criminal proceeding speculative and unripe. As the Ninth Circuit observed, the case for staying civil proceedings is "a far weaker one" when "[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened." *Fed. Sav. And Loan Ins. Corp. v.*

*Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) (citing *Dresser*, 628 F.2d at 1376)). The fact that no indictment has issued after three years of ongoing investigations and negotiations between Mr. Aria and CFPB undercuts the potential that a parallel criminal proceeding will ever commence. The necessity of a stay of the civil case necessarily diminishes as well.

Although Defendants object that the AUSA reserves the right to indict Defendants if a plea agreement is not approved (ECF No. 72, at 5), that claim is on the one hand rebutted by CFPB's doubt that "the Assistant United States Attorney and Defendant will ever resolve the criminal case," (*id.* at 4), and on the other, rendered almost irrelevant by the well-established notion that the Constitution "does not require a civil action to be stayed until criminal proceedings are no longer possible." *Favaloro v. S/S Golden Gate*, 687 F. Supp. 475, 481 (N.D. Cal. 1987) (citing *Arthurs v. Stern*, 560 F.2d 477, 479–80 (1st Cir. 1977)); *see also Gordon v. Fed. Deposit. Ins. Corp.*, 427 F.2d 578, 580 (D.C. 1970) (holding that justice does not mandate halting all civil litigation pending the outcome of a related criminal prosecution). Stays of parallel proceedings are an exception, not the rule, and the Court sees little reason to continue such an extraordinary remedy in this case.

Thus, this factor no longer favors the Defendants. Although there is still a remote risk that Defendants' Fifth Amendment rights and ability to prepare a defense will be hampered by the lifting of the stay, the Court finds that on the whole, the risk are minimized given the lack of an indictment issued. The Court's determination is further supported by the existence of less drastic means by which the Defendants may protect their fifth amendment rights. For example, protective orders can be made as necessary to control discovery. *See Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1086 (5th Cir. 1979); *see also Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP VBKX, 2014 WL 1089264, at *6 (C.D. Cal. Mar. 19, 2014).

**B. Prejudice to Defendants**

The Court's original order also found in favor of Defendants on this factor.

As explained in that earlier order, Courts have found that even when a defendant's Fifth Amendment rights are implicated, this factor does not support granting a stay unless the defendant can show other "compelling favors as described in *Keating*." *Gen. Elec. Co. v. Liang*, 2014 WL 1089264, at *5. The Ninth Circuit has found that where a defendant has had adequate time to prepare for a related civil trial, the burden on the defendant is substantially diminished. *See Keating*, 45 F.3d at 325. There is no indication that Defendants have been deprived of adequate time to prepare for this civil trial. What negotiations Defendants have reported between themselves and the AUSA have been intermittent and would not have precluded them from preparing a meaningful civil defense in the four years since CFPB's original complaint.

This factor no longer favors Defendants.

### C. Interest of Plaintiff in Proceeding Expeditiously with this Litigation and the Potential Prejudice to Plaintiff of a Delay

The Court previously found that this factor favored CFPB. That finding has only been magnified with time.

Courts have recognized that a civil plaintiff has an interest in having his or her case resolved quickly. *See S.E.C. v. Loomis*, No. 2:10-cv-00458-KJM-KJN, 2013 WL 4543939, at *2 (E.D. Cal. Aug. 27, 2013). Courts have also recognized that there may be prejudice to a plaintiff where a stay of discovery might result in his or her inability to locate other potential defendants. *See Liang*, 2014 WL 1089264, at *4. Here, CFPB's enforcement action has been in a holding position since 2016 and deserves to proceed forward. In fact, it has been more than four years since CFPB lodged its complaint against Defendants. At this juncture, "it would be prejudicial to [CFPB] to force it to wait until the unknowing culmination of a criminal case, for which no indictment has even been issued." *Adept Mgmt. Inc.*, 2017 WL 722586, at *4.

### D. Convenience of the Court and Judicial Efficiency

As a general matter, "the court [has] an interest in clearing its docket." *Molinaro*, 889 F.2d at 903; *eBay, Inc. v. Digital Point Sols., Inc.*, No. C 08-4052 JF (PVT), 2010

WL 702463, at *6 (N.D. Cal. Feb. 25, 2010). This is particularly so where—as here—no indictment has been returned and "there is no way to predict when the criminal investigation [will] end." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523, 528 (D.N.J. 1998); *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1047 (C.D. Cal. 2014) ("Staying a civil case until the resolution of a criminal case is inconvenient for the court, especially where . . . there is no date set for the criminal trial.").

The Court originally found that this factor, on balance, favored CFPB. After almost three years of stays, this factor has swung entirely in CFPB's direction.

### E. Interests of Third-Parties and the Public

The Court originally held that the interests of third-parties and the public in seeking expeditious relief and speedy resolution of the civil enforcement action were substantial, but not likely to be significantly impaired by a "temporary stay." (ECF No. 34, at 10.) However, the almost three-year long stay can no longer be rightly characterized as "temporary." The Court agrees with CFPB that at this late hour, the 76,000 plus consumers allegedly impacted by Defendants' scheme, and the general public at large, have an outsize interest in progressing the civil case. Delays of proceedings may be detrimental to public confidence, and the public has an interest that an agency charged with enforcing federal consumer protection laws is able to perform its statutory duties. These two factors weigh in favor of lifting the stay.

### III. Conclusion

For the reasons articulated above, the Court grants CFPB's request for a 30-day extension until Mary 27, 2019. The stay will be lifted after the expiration of that extension.

**IT IS SO ORDERED.**

Dated: May 1, 2019

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge