# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL FINANCIAL SUPPORT, INC., d/b/a STUDENT FINANCIAL RESOURCE CENTER, d/b/a COLLEGE FINANCIAL ADVISORY; and ARMOND ARIA a/k/a ARMOND AMIR ARIA, individually, and as owner and CEO of GLOBAL FINANCIAL SUPPORT, INC.,<br><br>Defendants. | Civil Action No.: 3:15-cv-2440-GPC-WVG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR ALL DEFENDANTS** |

Presently before the Court is a June 3, 2019 motion by counsel for Defendants Global Financial Support, Inc. ("Global Financial"), and Armond Aria (collectively "Defendants") to withdraw as attorney of record. (ECF No. 75.) On June 20, 2019, Plaintiff Consumer Financial Protection Bureau ("Plaintiff") filed a notice of non-opposition. (ECF No. 78.) For the reasons articulated below, the motion is **GRANTED.**

**I.     BACKGROUND**

On October 29, 2015, Plaintiff brought suit against Defendants under for alleged violations of Sections 1031(a), 1036(a)(1)(B), 1053 and 1055 of the Consumer

Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5531, 5536(a)(1)(B), 5564(a) and 5565 in connection with the offering, marketing, sale and provision of student financial aid advisory services, and under Section 1016 of Regulation P, 12 C.F.R. § 1016.4(a). (ECF No. 1.)

On April 7, 2016, Defendants filed a motion to stay proceedings for the civil suit while the criminal suit was pending. (ECF No. 25.) On April 26, 2016, all discovery was stayed pending resolution of Defendants' motion to stay. (ECF No. 30.) On May 17, 2016, this Court issued an order staying proceedings for 120 days. (ECF No. 34.) This Court issued additional orders extending stay for sixty days at a time on:

- January 19, 2017. ECF No. 42.
- March 13, 2017. ECF No. 46.

On May 12, 2017, this Court extended stay for 45 days until June 26, 2017. ECF No. 48. Then, it proceeded to order 60-day extensions on stay on

- July 13, 2017. ECF No. 51.
- August 22, 2017. ECF No. 53.
- October 19, 2017. ECF No. 55.
- December 20, 2017. ECF No. 57.
- February 20, 2018. ECF No. 59.
- April 20, 2018. ECF No. 61.
- June 21, 2018. ECF No. 63.
- August 30, 2018. ECF No. 65.
- October 29, 2018. ECF No. 67.
- January 29, 2019. ECF No. 69
- March 1 of 2019. ECF No. 71.

Finally, on May 1, 2019, this Court extended stay for 30 days and schedule a lift on the stay for May 27, 2019. (ECF No. 73.)

On May 2, 2019, Russel F.A. Riviere, an attorney with Bagula, Riviere, Coates and Associates, LLP ("BRCAA") representing Defendants Global Financial Support, Inc. and Armond Aria ("Defendants"), informed Defendants that the stay would be lifted. (Riviere Decl., at ¶ 2.) Defendants responded that they could no longer pay to retain BRCAA's legal services. (Id. at ¶ 3.) Riviere informed Defendants that he would be withdrawing representation due to their inability to pay. (Id. at ¶ 4.) Defendants have confirmed their inability to pay for future services, and consent to this withdrawal. (Id. at ¶ 5.)

On June 3, 2019, BRCAA filed its motion to withdraw as attorney of record for all defendants. (ECF No. 75.) On June 7, 2019, a scheduling order was filed setting a hearing date of August 16, 2019. (ECF No. 77.) The order also required that any responses be due on June 20, 2019, and that any reply be due on June 27, 2019. (Id.)

On June 20, 2019, Plaintiff Consumer Financial Protection Bureau ("Plaintiff") filed a notice of non-opposition to this motion. (ECF No. 78.) They also made two requests: that this Court (1) direct defendants and their new counsel to discuss a new scheduling order with Plaintiff within 60 days after the date of this Order, and (2) direct the parties to file a new scheduling order, or individual statements with the parties' positions on the scheduling order, no later than 75 days after the date of this Order.

## II.   LEGAL STANDARD

An attorney may not withdraw counsel except by leave of court. Kassab v. San Diego Police Dep't, 2008 WL 251935, at *1 (S.D. Cal. Jan 29, 2008); see also Beard v. Shuttermart of Cal., Inc., 2008 WL 410694, at *2 (S.D. Cal. Feb 13, 2008). Additionally, under local rules, an attorney must serve notice of its motion to withdraw on the adverse party as well as on the moving party's client with a declaration of service. Local Civ. R. 83.3(g)(3).

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants;

(3) the harm withdrawal might cause to the administration of justice; (4) the degree to which withdrawal will delay the resolution of the case." Garrett v. Ruiz, 2013 WL 163420 (S.D. Cal. Jan. 14, 2013).

Courts have previously held that "[f]ailure to pay attorney's fees can be valid ground for withdrawal." Leatt Corp. v. Innovative Safety Tech., LLC, 2010 WL 444708, at *2 (S.D. Cal. Feb 2, 2019); see also Canandaigua Wine Company, Inc. v. Edwin Moldauer, 2009 WL 89141 (E.D. Cal. Jan 14, 2009) (granting motion to withdraw legal counsel where defendant refused to accept legal advice or pay his fees.) Furthermore, there is no danger of prejudice where a hearing date is not immediately set or where litigation is at a relatively nascent stage. Gurvey v. Legend Films, Inc., 2010 WL 2756944 (S.D. Cal. July 12, 2010). There is also no undue delay where the counsel takes "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel . . ." Cal. Rule of Prof. Conduct 3-700(A)(2).

However, according to local rules,

> Only natural persons representing their individual interests *in propria persona* may appear in court without representation . . . All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice . . .

Local Civ. R. 83.3(k); see also Laskowitz v. Shellenberger, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.")

### III.   DISCUSSION

In the present case, BRCAA shows valid cause for withdrawal because all of the relevant considerations tip in its favor. Defendants can no longer pay BRCAA for its legal services. (ECF No. 75, at 3.) Moreover, there is no danger of prejudice.

There are no hearings on the calendar, and although litigation has technically been ongoing, the matter is relatively nascent, having been stayed for four years. There is also no danger of delay: the stay was lifted in May and BRCAA promptly moved to withdraw counsel just one month later. Further, there is no evidence that granting this motion harms administration of justice. In fact, and as discussed more fully below, judicial economy and efficiency compels the Court to grant the motion.

At the same time, the Court recognizes that granting the withdrawal motion would leave Global Financial, a corporate defendant, without counsel, in contravention of Local Rule 83.3(k). However, Rule 83.3(k) is not offended where the court orders an unrepresented corporate defendants to find substitute counsel, and gives the same adequate time to do so. See e.g., Indymac Fed. Bank, F.S.B v. McComic, No. 08-CV-1871-IEG WVG, 2010 WL 2000013 (S.D. Cal. May 18, 2010) (granting counsel's motion to withdraw as defendants could no longer pay and were not prejudiced, but also directing defendants to secure substitute counsel within thirty days); Light Salt Investments, LP v. Fisher, 2013 WL 12121255 (S.D. Cal. Nov 14, 2013) (granting motion to withdraw counsel, and setting deadline to secure substitute counsel, where counsel cited plaintiff limited partnership's refusal to participate in litigation and inability to pay fees as reasons for withdrawal); McNally v. Commonwealth Financial Systems, Inc., 2013 WL 685364 (S.D. Cal. Feb. 25, 2013) (granting motion where litigation was at an early stage and where corporate defendant was unable to pay legal fees, consented to the motion, and had "ample opportunity to retain substitute counsel as needed")

As in Indymac, the corporate defendant in this case failed to pay its counsel's fees and has consented to BRCAA's intent to withdraw. Given the circumstances of the instant action, the Court grants BRCAA's request for withdrawal and directs Global Financial to find substitute representation within thirty (30) days from the entry of this order. This civil suit has been stayed for four years; directing the corporate defendant to solidify its legal strategy—by seeking long-term counsel

sooner–would only promote judicial economy and may in fact serve the administration of justice.

## IV. CONCLUSION

For the foregoing reasons, the Court:

**GRANTS** the Movants' motion to withdraw as counsel for all Defendants;

**ORDERS** Global Financial to secure substitute counsel **within thirty (30) days** after the date of this Order;

**ORDERS** Global Financial and their new counsel to discuss a new scheduling order with Plaintiff **within sixty (60) days** after the date of this Order; and

**ORDERS** Plaintiff and Defendants to file a new scheduling order, or individual statements with the parties' positions on the scheduling order, **within seventy-five (75) days** after the date of this Order.

**VACATES** the motion hearing set on this matter on August 16, 2019.

**IT IS SO ORDERED.**

Dated: July 12, 2019

Hon. Gonzalo P. Curiel
United States District Judge