UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL FINANCIAL SUPPORT, INC., d/b/a STUDENT FINANCIAL RESOURCE CENTER, d/b/a COLLEGE FINANCIAL ADVISORY; and ARMOND ARIA a/k/a ARMOND AMIR ARIA, individually, and as owner and CEO of GLOBAL FINANCIAL SUPPORT, INC.,<br><br>Defendants. | Case No.: 3:15-cv-2440-GPC-WVG<br><br>**ORDER GRANTING MOTION TO STRIKE ANSWER AND ENTER DEFAULT.**<br><br>**[ECF No. 83.]** |

On December 10, 2019, Plaintiff Consumer Financial Protection Bureau (the "Bureau") filed a motion requesting that the Court strike Defendant Global Financial Support, Inc.'s ("Global") Answer for failure to defend and then enter default against Global. (ECF No. 83.) Defendant Global has not entered an opposition. Based on the applicable law, the Court **GRANTS** the Bureau's motion. The Court hereby

**STRIKES** Global's Answer and **ORDERS** the Clerk of Court to enter default.

I.  Background

On October 29, 2015, the Bureau filed a complaint alleging numerous violations by Defendants Global and Armond Amir Avia, Global's Chief Executive Officer, of the Consumer Financial Protection Act of 2010 ("CFPA"), including through the offering, marketing, sale, and provision of student financial aid advisory services. (ECF No. 1.)

On April 7, 2016, Defendants filed a motion to stay proceedings while a concurrent criminal suit was pending. (ECF No. 25.) On April 26, 2016, all discovery was stayed. (ECF No. 30.) Through a series of subsequent orders, the Court extended the stay until May 27, 2019. (*See* ECF Nos. 34, 42, 46, 48, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69, 71, 73.)

On May 2, 2019, Defendants' then-counsel, Mr. Russel F.A. Riviere, informed Defendants that the stay would be lifted. (ECF No. 75-3, Riviere Decl., at ¶ 2.) Defendants told Mr. Riviere that they would be unable to pay to retain his firm's legal services following the stay and consented to his withdrawal. (*Id.* at ¶¶ 3, 6.)

On June 3, 2019, Defendants' counsel filed a motion to withdraw as attorney of record for all defendants. (ECF No. 75.) On June 20, 2019, the Bureau filed a notice of non-opposition to this motion. (ECF No. 78.) On July 12, 2019, the Court granted the motion to withdraw. (ECF No. 79). The Court also ordered that Global secure substitute counsel within thirty (30) days, that Global's new counsel confer with the Bureau as to a scheduling order within sixty (60) days, and that the Parties jointly file a scheduling order, or file individual statements with the Parties' positions on such an order, within seventy-five (75) days. (*Id.* at 6.)

Since the Court issued its July 12, 2019, the Bureau has spoken to Defendant Aria numerous times and informed him that they would move for default were Global to remain unrepresented. (*See* ECF Nos. 81, 83.) On September 24, 2019, Magistrate Judge Gallo also admonished Global for failing to obtain counsel:

> While Defendant Aria may properly proceed *pro se*, as the Court explained in its order granting the withdrawal of defense counsel, corporate defendants such as Global **may not appear *pro se*** pursuant to Local Rule 83.3(j). Defendant Global is warned that any continuing failure to obtain counsel may result in sanctions.

(ECF No. 82 at 3) (emphasis in original). Global has not obtained counsel to date.

## II. Analysis

The Bureau now moves the Court to strike Global's Answer and enter default. (ECF No. 8.) Entering default is a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default is properly entered, a party seeking relief other than a sum certain must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b).

Thus, to accomplish the first step here, the Bureau requests that the Court first strike Global's Answer. An answer may be stricken if defendants fail to defend themselves. *See Microsoft Corp. v. Marturano*, No. 06-CV-1747-OWW, 2009 WL 1530040, at *2, 6 (E.D. Cal. May 27, 2009) (striking answer against defendant who persistently failed to participate in the action); *Galtieri-Carlson v. Victoria M. Morton Enters.*, 08-CV-1777-FCD, 2010 WL 3386473, at *3 (E.D. Cal. 2010). Likewise, when a corporation fails to retain counsel to represent it in an action, its answer may also be stricken. *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993 (9th Cir. 2007). Various courts have applied these rules to strike the answers of corporate defendants who have failed to defend themselves, direct entry of default, and permit the plaintiff to move for default judgment. *See, e.g., Osgood v. Main Streat Mktg., LLC*, No. 16-CV-2415-GPC, 2017 WL 3194460, at *2 (S.D. Cal. July 27, 2017) (citing *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993 (9th Cir. 2007)); *Microsoft Corp. v. Marturano*, No. 06-CV-1747, 2009 WL 1530040, at *2, 6 (E.D. Cal. May 27, 2009); *see also Rojas v. Hawgs Seafood Bar, Inc.*, No. C-08-03819-JF, 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain

counsel to represent it in an action, its answer may be stricken and a default judgment entered against it."); *Oracle America, Inc. v. Serv. Key, LLC*, No. C-12-790-SBA, 2013 WL 1195620, at *2-3 (N.D. Cal. Mar. 22, 2013) (ordering that if substitute counsel is not found, the court will strike answer and direct entry of default, and then plaintiff may file a motion for default judgment).

Here, Defendant Global has failed to retain counsel as directed by the Court. Global has had ample time to do so as the applicable period for securing counsel per the Court's July 12, 2019 Order expired on or around August 12, 2019. (ECF No. 79.) Furthermore, both the Bureau and the Magistrate Judge have warned Defendants that a failure to obtain counsel may result in default. (ECF Nos. 81, 82, 83.) Global has continuously failed to defend this action and it does not appear that the corporation will be doing so at this time.

Consequently, because Defendant Global has failed to obtain counsel and defend itself in this action, the Court grants the Bureau's motion.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** the Bureau's motion. (ECF No. 83.) The Court thus **ORDERS** and **DIRECTS** the following:

1. That Defendant Global Financial Support, Inc's Answer, (ECF Nos. 6, 9), be stricken from the record;
2. That the Clerk of Court enter default against Global; and
3. That the hearing set for February 7, 2020 be vacated.

**IT IS SO ORDERED.**

Dated: January 30, 2020

Hon. Gonzalo P. Curiel
United States District Judge