UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL FINANCIAL SUPPORT, INC. and ARMOND ARIA, both individually and as owner and CEO of Global Financial Support, Inc.,<br><br>Defendants. | Case No.: 3:15-cv-02440-GPC-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO COMPEL; and**<br><br>**(2) AMENDING SCHEDULING ORDER TO REOPEN DISCOVERY AND EXTEND PRETRIAL MOTIONS DEADLINE**<br><br>**[ECF No. 92]** |

## I. BACKGROUND

This matter comes before the Court on Plaintiff's Motion to Compel Discovery; to Determine the Sufficiency of Objections to Requests for Admissions; and to Amend the Scheduling Order. ECF No. 92. For the reasons explained below, the motion is **GRANTED**.

## II. LEGAL STANDARD

The scope of permissible discovery is dictated by Rule 26 of the Federal Rules of Civil Procedure, which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In considering relevance and proportionality, the Court looks to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Evidence need not be admissible to be discoverable. *Id.*

Rules 33, 34, and 36 of the Federal Rules of Civil Procedure govern written discovery requests including interrogatories, requests for production, and requests for admission. Specifically, Rule 33 provides that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Similarly, Rule 34 governs requests for production and allows a party to serve on any other party "a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control[,]" including, *inter alia*, documents and electronically stored information. Fed. R. Civ. P. 34(a). Rule 36 governs requests for admission. Under that rule, "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Therefore, as is

evident from the plain text of Rules 33, 34, and 36, the relevance and proportionality factors contained in Rule 26(b) and discussed above constrain the permissible scope of all written discovery. Each of these rules incorporates those constraints by reference.

The Rules also set forth the permissible timing, form, and scope of answers and objections to written discovery. The responding party must serves its answers and any objections to interrogatories, requests for production, and requests for admission within 30 days after being served with the requests, unless otherwise stipulated or ordered by the court. Fed. Rs. Civ. P. 33(b)(2); 34(b)(2)(A); 36(a)(3). The grounds for an objection must be stated with specificity. Fed. Rs. Civ. P. 33(b)(4); 34(b)(2)(B); 36(a)(5). With respect to requests for production, the responding party must state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C). Additionally, the person who answers interrogatories must sign them, and written answers or objections to requests for admission must also be signed by the party or the party's attorney. Fed. Rs. Civ. P. 33(b)(5); 36(a)(3).

## III. DISCUSSION

Before turning to the substance of Plaintiff's motion to compel, a brief summary of the factual background and procedural history of the case is in order. Plaintiff Consumer Financial Protection Bureau ("CFPB") brought this action in October 2015 against Defendants Armond Aria and Global Financial Support Inc., d/b/a College Financial Advisory and Student Financial Resource Center ("Global Financial"), a company controlled by Mr. Aria. ECF No. 1. The litigation stems from CFPB's allegations that Defendants ran "a deceptive scheme" involving sending millions of letters to consumers nationwide, beginning in January 2011, to induce high school seniors, enrolled college students, and their families to pay Defendants a fee in exchange for Defendants' promises to match students with targeted, individualized financial aid opportunities and to apply for financial aid on their behalf. *Id.* ¶¶ 2, 22-29. CFPB alleges Defendants' financial aid program was illusory, and that they do not target or apply for student financial aid on behalf of consumers or otherwise provide the services promised in the letters. *Id.* ¶¶ 51-

59. CFPB further alleges that, through the use of deceptive seals and watermarks similar to those used by government agencies, Defendants misled consumers into thinking that they would lose their opportunity to obtain student financial aid altogether unless they participated in the program and paid the fee to Defendants. *Id.* ¶¶ 30-40.

Based on these and other allegations, CFPB seeks permanent injunctive and other relief against Defendants for inducing consumers to pay fees for financial services that Defendants did not in fact provide, and for failing to provide consumers with a clear and conspicuous initial privacy notice upon commencement of a customer relationship, all in violation of the Consumer Financial Protection Act ("CFPA"). *Id.* ¶¶ 69-87.

On May 17, 2016, the presiding District Judge in this matter, Hon. Gonzalo P. Curiel, issued an order granting Defendants' motion to stay this action due to a pending criminal tax case and ongoing criminal investigation involving Defendants, both of which were related to the same conduct underlying the Complaint here. *See* ECF Nos. 25, 34. The Court initially stayed the case for a period of 120 days, weighing the six factors set forth in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995) to find that the implication of Defendant Aria's Fifth Amendment rights was sufficiently strong when balanced against the other factors to justify a temporary stay. ECF No. 34. Over the next approximately three years, the Court subsequently extended the stay a total of fourteen times, ultimately deciding to lift the stay on May 27, 2019. ECF Nos. 42, 46, 48, 51, 53, 55, 57, 59, 61, 65, 67, 69, 71, 73. In its order lifting the stay, the Court again applied the *Keating* factors and found that they no longer weighed in favor of extending the stay, reasoning in part that "[t]he fact that no indictment has issued after three years of ongoing investigations and negotiations between Mr. Aria and CFPB undercuts the potential that a parallel criminal proceeding will ever commence." ECF No. 73 at 4. Therefore, "[t]he necessity of a stay of the civil case necessarily diminishes as well." *Id.* The Court further noted that "[s]tays of parallel [civil] proceedings are an exception, not the rule, and the Court sees little reason to continue such an extraordinary remedy in this case." *Id.* Thus, given the diminished weight of the implication of Defendant Aria's Fifth Amendment

rights balanced against the remaining *Keating* factors, the Court ultimately held the stay was no longer warranted.

On July 12, 2019, after the stay was lifted, the Court granted a motion by Defendants' counsel to withdraw, leaving Defendant Aria to proceed *pro se*. ECF No. 79. Because corporate Defendant Global Financial cannot appear *pro se*, the Court ordered Global Financial to obtain substitute counsel within 30 days, and further ordered Global Financial's new counsel to confer with CFPB within 60 days to prepare and jointly file a scheduling order, or individual statements of the parties' positions on a scheduling order, within 75 days. *Id.* at 6. Global Financial never obtained substitute counsel. Therefore, on January 30, 2020, the Court struck Global Financial's Answer and ordered the Clerk of Court to enter default against it. ECF No. 87.

Although Global Financial did not obtain substitute counsel, Plaintiff's counsel did timely confer with Defendant Aria to agree upon and jointly move for the entry of a scheduling order, which the Court entered on September 24, 2019. ECF Nos. 81, 82. The scheduling order dictated that all fact and expert discovery would close on March 6, 2020. ECF No. 82 at 2.

Plaintiff filed the instant Motion to Compel on February 7, 2020. ECF No. 92. In the motion, CFPB reports that it served on Defendant Aria 10 Requests for Production and 23 Interrogatories on December 16, 2019, a deposition notice on December 23, 2019, and 23 Requests for Admission on January 13, 2020. ECF No. 92-1 at 3-4. Mr. Aria served his responses and objections to the written discovery on January 6 and January 16, 2020. ECF Nos. 92-7, 92-9, 92-10. Each set of responses included a preamble of twelve "General Objections," described in more detail in the Court's discussion below. Further, each specific response to the Interrogatories, Requests for Objection, and Requests for Admission contained an identical objection that Mr. Aria had "**'New' 'Reasonable, Real, and Appreciable'** grounds to assert his Fifth Amendment right" and that he was therefore invoking his Fifth Amendment right against self-incrimination "and will not respond to any of the Plaintiff's discovery requests until Defendant's parallel and

ongoing criminal IRS investigation case is resolved." See ECF Nos. 92-7 at 5-13; 92-9 at 4-10; 92-10 at 3-15. (emphasis in original). Similarly, Plaintiff objected to CFPB's second notice of deposition on the grounds that (1) CFPB "does not have federal subject matter jurisdiction to regulate the defendant corporation;" (2) Mr. Aria invokes his Fifth Amendment right against self-incrimination to object to testifying; and (3) Mr. Aria "will not be responding to Plaintiff's request for discovery (Deposition) until his Parallel and ongoing criminal IRS investigation is resolved." ECF No. 92-8 at 4. CFPB requests that the Court (1) compel compliance with its deposition notice; (2) compel responses to all of CFPB's Requests for Admissions and Interrogatories in compliance with the Federal Rules of Civil Procedure; (3) compel Plaintiff to produce documents in response to Plaintiff's Requests for Production in compliance with the Federal Rules of Civil Procedure; and (4) to the extent Plaintiff objects to any request, to require Plaintiff to make his objections specific to each request. See ECF No. 92. Additionally, CFPB asks that Plaintiff be required to provide full responses to the Requests for Admissions within 7 days of the Court's order and full responses to all other discovery within 14 days of the Court's order. The Court will address Defendant Aria's objections below.

### A. DEFENDANT'S GENERAL OBJECTIONS

As discussed, in response to all of Plaintiff's discovery requests, Defendant Aria asserts the same twelve "General Objections"—a total of 408 in all. These objections read as follows:

1. The Bureau does not have federal subject matter jurisdiction to regulate the defendant because under 12 U.S.C. § 5481, the defendant is not involved in offering or providing a consumer financial product or services.
2. The requests seek information protected by the right of privacy contained in Article I, Section I, of the Constitution of the State of California, in the United States Constitution, and/or in applicable state law.
3. The requests are unreasonable, unduly burdensome, and or harassing as to the time, date, and place of the responses.

4. The Requests imply the existence of legal duties or agency relationships that do not exist in this case.
5. The Requests are more easily obtainable by Requesting Party from public sources, other sources, or are equally as available to Requesting Party as to Responding Party.
6. The Requests seek information protected by the attorney work product doctrine, the joint defense privilege, any individual's rights to privacy, other applicable privilege, and or other applicable protection. Nothing contained in these responses and or objections is intended to be or should be considered a waiver of any, work product protection, right of privacy and or any other applicable privilege to protection, to the extent that any document demand or any portion thereof, may be construed as calling for disclosure of information protected by such privilege or protection, a continuing objection to each and every interrogatory, and every portion thereof, is hereby made.
7. The Requests call for information that would impose an undue burden and expense on Responding Party.
8. The Requests are vague, incomplete, compound, conjunctive, disjunctive, and or unintelligible and they call for information outside of the time period at issue in the litigation.
9. The Requests seek information not in the possession, custody, and or control of Responding Party.
10. The Requests' instructions, definitions, and requests impose requirements or discovery obligations on Responding Party greater or different from those imposed by law.
11. The Requests seek confidential business information, personal information, and or other proprietary information. The Responding Party will not provide such information in the litigation until an appropriate protective order is entered into amongst all the parties in the litigation.

12. Except for the facts explicitly admitted herein, Responding Party makes no admission of any nature and no admission may be implied by or inferred from these responses.

These objections are a quintessential example of a list of "boilerplate" objections. That is, Defendant Aria makes no effort to craft any of his discovery responses to be specific to the individual request to which he is responding. Instead, Defendant Aria provides the same identical list of objections to every request, whether the objections apply to a given request or not. Indeed, Defendant Aria's General Objections refer to "the Admissions and each of them," "the Production of Documents and each of them," and "the Interrogatories and each of them," collectively, indicating he intends the objections to apply in a blanket fashion. This approach to lodging objections is unacceptable under the Federal Rules of Civil Procedure. With respect to interrogatories, Rule 33(b)(4) dictates that "[t]he grounds for objecting to an interrogatory must be stated with specificity." Similarly, with respect to objections to requests for production of documents under Rule 34, "[f]or each item or category, the response must . . . state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Rule 34(b)(2)(C) also requires an objection to a request for production to "state whether any responsive materials are being withheld on the basis of that objection." Defendant Aria has complied with none of these requirements.

"Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). *See also Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 n.4 (N.D. Ill. 2001) ("As courts have repeatedly pointed out, blanket objections are patently improper. [W]e treat [] general objections as if they were never made.") (citations omitted); *Herrera v. AllianceOne Receivable Mgmt., Inc.*, No. 14-CV-1844-BTM (WVG), 2016 WL 1182751, at *3 (S.D. Cal. Mar. 28, 2016) ("The responding party must clarify, explain, and support its objections"); *Russell v. Daiichi-Sankyo, Inc.*, No. CV 11-34-BLG-CSO, 2012 WL 1161435, at *2 (D. Mont. Apr. 6, 2012) (holding that boilerplate objections to

8

3:15-cv-02240-GPC-AHG

both interrogatories and document production requests "waived any legitimate objection [the responding party] may have had. . . . The failure to particularize these objections as required leads to one of two conclusions: either the Defendants lacked a factual basis to make the objections that they did, which would violate Rule 26(g), or they complied with Rule 26(g), made a reasonable inquiry before answering and discovered facts that would support a legitimate objection, but they were waived for failure to specify them as required."). These principles come directly from the plain text of the Federal Rules of Civil Procedure, which require objections to be stated with specificity. Fed. Rs. Civ. P. 33(b)(4); 34(b)(2)(B); 36(a)(5). Therefore, all of Defendant Aria's 408 General Objections are **OVERRULED** and **STRICKEN**. Defendant Aria will be compelled to answer each request with specificity. With respect to requests for production, Defendant Aria must identify whether any documents are being withheld on the basis of any objections. Defendant Aria must also sign his responses to Plaintiff's Interrogatories and Requests for Admission.

### B. DEFENDANT'S FIFTH AMENDMENT OBJECTIONS

In his opposition to the Motion to Compel, Defendant Aria abandons his boilerplate "General Objections" to narrow his focus to a single argument, which also mirrors his specific responses to the discovery requests: that his Fifth Amendment privilege against self-incrimination protects him from having to participate in discovery. *See generally* ECF No. 94. Defendant Aria does raise a few additional arguments and requests for affirmative relief. First, he argues that "the [CFPB] is unconstitutionally structured" and that the Court should dismiss the case or permit Defendant Aria to file a motion for summary judgment. *Id.* at 3, 8-11. Second, Defendant Aria requests another stay, or, in the alternative, requests to "file a motion to obtain maximum available immunity" if forced to participate in the litigation. *Id*. at 11-15. Third, Defendant also notes that he is awaiting discovery responses from Plaintiff. *Id.* at 15-16.

As an initial matter, almost every issue raised in Defendant Aria's response is not properly raised in a response to a motion to compel. First, to the extent Plaintiff has also

9

3:15-cv-02240-GPC-AHG

failed to comply with its discovery obligations, that issue is not properly before the Court. Defendant Aria must comply with Magistrate Judge Allison H. Goddard's Civil Pretrial Procedures to bring such an issue to the Court's attention, and subsequently participate in a conference call to discuss the issue, before he may be permitted to raise the dispute through motion practice. Indeed, as Defendant Aria should recall, Plaintiff followed these procedures before bringing the present motion.

Second, Defendant Aria seeks multiple alternative forms of affirmative relief, such as reinstating the stay, finding that the CFPB is unconstitutionally structured and that Defendant's business does not come within the jurisdictional scope of the CFPA, permitting Defendant Aria to file a motion for summary judgment, and granting Defendant Aria immunity. None of these requests is responsive to the issues raised in the motion to compel. Nor could the undersigned rule on such dispositive issues, which are solely within the jurisdiction of the District Judge to decide. And even if Defendant Aria had properly filed separate motions to seek such affirmative relief, they would not render acceptable his impermissible boilerplate objections. Instead, an independent motion seeking a stay of the action, if granted by Judge Curiel, would result in a corresponding stay of discovery. But at this juncture, the case is no longer stayed. Defendant Aria may not unilaterally determine that a further stay is justified and refuse to respond to discovery on that basis.

Moreover, even if Defendant Aria had properly raised his request that the stay be reinstated by separate motion, Judge Curiel has already given ample and thoughtful consideration to whether Defendant Aria's Fifth Amendment privilege protects him from participating in this litigation. After staying the case for approximately three years pending the parallel criminal investigation into Defendant Aria's alleged conduct, the Court ultimately lifted the stay after determining that the balance of equities no longer weighed in favor of maintaining the stay. *See* ECF No. 73. As discussed above, in reaching that conclusion, the Court applied the factors set forth by the Ninth Circuit in *Keating*, 45 F.3d 322. The undersigned has neither the authority nor the inclination to

reconsider that analysis and conclusion by the presiding District Judge. Further, as explained in the Order lifting the stay, Defendant Aria has no absolute right to assert a blanket Fifth Amendment privilege objection to avoid participating in the discovery process in this litigation. *See Keating*, 45 F.3d at 324 ("A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."). Like any other objection, an objection to discovery requests made on the basis of privilege must be made with specificity. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a response to a [] request for production of documents are insufficient to assert a privilege."). This principle also extends to the taking of Defendant Aria's deposition. *See, e.g.*, *Rutherford v. PaloVerde Health Care Dist.*, No. EDCV131247JAKSPX, 2014 WL 12633525, at *2 (C.D. Cal. Oct. 23, 2014) ("Regardless of the extent to which [the defendant] may be asked at her deposition for information that may be used in a criminal case against her, she may not assert a blanket Fifth Amendment objection as a basis not to appear for a deposition in this case.").

Importantly, the Court's ruling is not intended to prevent Defendant Aria from invoking his Fifth Amendment rights in responding to discovery. After all, Rule 26 only permits discovery of "nonprivileged" information. Fed. R. Civ. P. 26(b)(1). However, "the Fifth Amendment's protections against self-incrimination are invoked on a question-by-question basis, and therefore the assertion of the privilege necessarily attaches only to the question being asked and the information sought by that particular question." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000). Therefore, any invocation of the privilege by Defendant Aria, either in response to written discovery or during a deposition, must be specific to the question asked.

In sum, Defendant Aria's boilerplate objections to Plaintiff's Interrogatories, Requests for Production, and Requests for Admission are **OVERRULED**. Plaintiff is

11

3:15-cv-02240-GPC-AHG

**ORDERED** to serve a supplemental response to these requests in compliance with the Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and this Order.

### C. SPECIFIC REQUIREMENTS GOVERNING DISCOVERY RESPONSES

To provide more detailed guidance to Defendant Aria in crafting his responses, the Court **ORDERS** as follows:

(1) <u>Admissions</u>: Pursuant to Federal Rule of Civil Procedure 36, Defendant Aria shall respond to each of Plaintiff's requests for admission with: an admission, a specific denial or a detailed explanation of why Defendant cannot truthfully admit or deny the proposed admission. Any denial must fairly respond to the substance of the matter; and when good faith requires Defendant to qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. Defendant may assert lack of knowledge or information as a reason for failing to admit or deny only if the Defendant states that he has made a reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny. If Defendant Aria deems it necessary to invoke his Fifth Amendment rights, he must do so in response to a specific request for admission.

(2) <u>Interrogatories</u>: Pursuant to Federal Rule of Civil Procedure 33, Defendant Aria shall respond to each interrogatory separately and fully in writing under oath. If Defendant deems it necessary to invoke his Fifth Amendment rights, he must do so in response to a specific interrogatory, and he must answer that interrogatory to the fullest extent possible without waiving his Fifth Amendment rights.

(3) <u>Document Production</u>: Pursuant to Federal Rule of Civil Procedure 34, Defendant Aria shall produce and permit Plaintiff or its representative to inspect, copy, test, or sample the documents and electronically stored information designated in Plaintiff's Request for Production of Documents to the extent they are in Defendant Aria's possession, custody, or control. If Defendant deems it necessary to invoke his Fifth Amendment rights, he must do so in response to a specific request, and he must produce any non-privileged information in response to that request. Defendant must identify any

information that is being withheld on the basis of privilege by serving a privilege log consistent with Fed. R. Civ. P. 26(b)(5)(A). Defendant may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed within 28 days of the date of this Order.

### D. PLAINTIFF'S REQUESTS TO COMPEL DEFENDANT ARIA'S DEPOSITION AND TO EXTEND THE SCHEDULING ORDER

With respect to Plaintiff's Second Notice of Deposition for March 17, 2020, as already noted, that date has now passed and discovery closed on March 6, 2020. However, Plaintiff's motion asks that the Court extend the discovery schedule by approximately 60 days to give the parties time to complete discovery, including the taking of Defendant Aria's deposition, and to draft dispositive and pretrial motions. *See* ECF No. 92-1 at 13. The Court **GRANTS** the request and **REOPENS** fact and expert discovery for a period of 60 days from the date of this Order. During that time period, Defendant Aria is **ORDERED** to comply with any properly served notice of deposition. Additionally, the deadline to file all pretrial motions, including dispositive motions, is extended from May 6, 2020 to **July 17, 2020.** All other dates in the Scheduling Order (ECF No. 82) remain in place.

As explained, Defendant Aria may invoke the Fifth Amendment privilege against self-incrimination to refuse to answer deposition questions on a specific question-by-question basis, but he may not invoke the privilege to avoid being deposed altogether. In determining whether it is appropriate to invoke the privilege in response to a specific question, Defendant Aria should keep in mind that the Fifth Amendment "protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 445 (1972). Further, "[i]f testimony is incriminatory, i. e., tending to show that the witness has engaged in criminal activities, the propriety of invoking the Fifth Amendment privilege depends on whether the risk of prosecution is substantial and

13

3:15-cv-02240-GPC-AHG

real and not merely fanciful." *In re Corrugated Container Antitrust Litig.*, 662 F.2d 875, 883 (D.C. Cir. 1981) (citing *Zicarelli v. N.J. State Commission of Investigation*, 406 U.S. 472, 478 (1972)) (other citations omitted).

## IV. CONCLUSION

For the reasons explained above, Plaintiff's Motion to Compel Discovery; to Determine the Sufficiency of Objections to Requests for Admissions; and to Amend the Scheduling Order (ECF No. 92) is **GRANTED**. Accordingly, it is **ORDERED** as follows:

(1) Defendant Aria's objections to Plaintiff's discovery requests are **OVERRULED** and **STRICKEN**. Defendant Aria shall provide Plaintiff with full responses to the Requests for Admission, Interrogatories, and Requests for Production **within 14 days of the date of this Order,** and complete any production of documents **within 28 days of the date of this Order**. Defendant Aria's responses and any objections must comply with the requirements of the Federal Rules of Civil Procedure, as described in detail herein. *See supra* Part II.C.

(2) Discovery is **REOPENED** for a period of **60 days** from the date of this Order, until **June 5, 2020**. During that period, Defendant Aria is **ORDERED** to comply with any properly served notice of deposition. Any objections raised on the basis of Defendant Aria's Fifth Amendment rights must be made with specificity on a question-by-question basis.

(3) The deadline to file pretrial motions is **EXTENDED** to **July 17, 2020**.

(4) All other deadlines in the Scheduling Order remain in effect.

**IT IS SO ORDERED.**

Dated: April 6, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge