JOHN C. WELLS, DC Bar 491292
Deputy Enforcement Director
JAMES T. SUGARMAN, WSBA 39107
Assistant Litigation Deputy
NINA H. SCHICHOR, MD Bar (no assigned number)
(E-mail: nina.schichor@cfpb.gov)
(Phone: 202-435-9770)
AMANDA C. ROBERSON, MN Bar 0398511
(E-mail: amanda.roberson@cfpb.gov)
(Phone: 202-435-9447)
1700 G Street NW
Washington, DC 20552
Fax: (202) 435-7722

Attorneys for Plaintiff
Consumer Financial Protection Bureau

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau, <br><br> Plaintiff, <br><br> v. <br><br> Global Financial Support, Inc., d/b/a Student Financial Resource Center, d/b/a College Financial Advisory; and <br><br> Armond Aria a/k/a Armond Amir Aria, individually, and as owner and CEO of Global Financial Support, Inc.; <br><br> Defendants. | Case No. 15-cv-02440-GPC-AHG <br><br> **JOINT MOTION TO EXTEND PRETRIAL DEADLINES** |

## Joint Motion to Extend Pretrial Deadlines

Pursuant to Federal Rule of Civil Procedure 6(b), Local Rule 7.2, and the Chambers Rules of the Honorable Magistrate Judge Goddard, the parties make this Joint Motion regarding an extension of the existing pretrial deadlines.

## Background

On September 22, 2020, the Honorable Magistrate Judge Goddard issued an Amended Scheduling Order (ECF No. 111).[1] That order established the following relevant deadlines:

1. Settlement Conference Statement — November 30, 2020
2. Mandatory Settlement Conference — December 8, 2020
3. Pre-trial disclosures — January 29, 2021
4. Proposed Final Pretrial Conference Order Per Local Rule 16.1(f)(16) — February 19, 2021
5. Final Pretrial Conference — February 26, 2021

On December 8, 2020, the parties engaged in a mandatory settlement conference before Judge Goddard. The parties were unable to agree to a settlement.

---

[1] This case was previously stayed for several years due to the pendency of criminal proceedings against Defendants. (*See* ECF No. 82 at 1). The Court lifted the stay on May 27, 2019, ECF No. 73, and on September 24, 2019, the Court issued a scheduling order. (ECF No. 82 at 2). On February 7, 2020, the Court granted a 60-day extension of the fact discovery and pretrial motions deadline to allow the Bureau to take Defendant's deposition following the Bureau's motion to compel and left in place all other deadlines from the September 24, 2019 Order. (ECF No. 96 at 14). Magistrate Judge Goddard subsequently granted the parties' request for a five-week extension of the deadline to file pretrial motions, and a 10-week extension of all subsequent deadlines, and then partially granted the Plaintiff's request for an extension on the basis that the existing deadlines were incompatible with the Court's dispositive briefing schedule. Those deadlines are described above.

On August 21, 2020, Plaintiff Consumer Financial Protection Bureau (the Bureau) filed a motion for partial summary judgment against pro se Defendant Armond Aria and a motion for default judgment against corporate Defendant Global Financial Support, Inc. (ECF Nos. 106-107). Those motions are fully briefed and pending before the court (ECF No. 113). The Court scheduled a motions hearing for December 11, 2020 (ECF No. 108), but ultimately vacated it (ECF No. 117). The Bureau seeks an extension of existing pretrial deadlines. Defendant Aria opposes the request. The position of each party is set forth below.

### **Plaintiff's Position**

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Considering that the pending dispositive motions may impact the scope and nature of the case and thus may impact the parties' final preparations for trial, the Bureau respectfully requests that the Court postpone the pretrial deadlines until after the Court rules on the pending summary judgment motion and default judgment motion.

Good cause supports the Bureau's request because the Court's ruling may affect the content of and issues addressed in the pretrial filings, if not eliminate the need for them entirely. The Bureau has moved for partial summary judgment against Defendant Aria not only on liability, but also on restitution, injunctive relief, and penalties for Counts I through III. (ECF No. 106-1). As explained fully in the Bureau's motion papers, the content of the solicitations Defendants sent to consumers, the periods of time during which Defendants sent these solicitations, the nature of the services Defendants provided to consumers who paid for Defendants' offered services, and the amount of fees consumers paid to obtain the offered services are not in dispute, making Counts I through III ripe for disposition as a matter of law. (*See, e.g.,* ECF No. 106-1 at 17-25). The Bureau continues to believe that it can obtain full relief for consumers if the Court rules in its favor on Counts I through III, which would eliminate the need for a trial as to the claims against Defendant Aria. And the Clerk of Court has already entered default against

the remaining defendant, Global Financial Support, Inc., for failing to plead or otherwise defend itself in this action. (ECF No. 90). Should the Court grant the Bureau's pending motion for default judgment against Global (ECF No. 107), no further issues remain to be tried against Global.

In addition, the pretrial dates may require the parties to, among other things, submit witness lists, designate portions of deposition testimony for use at trial, identify all exhibits that the parties actually intend to use at trial, meet with opposing counsel, confer and reach mutual agreement as to a pretrial order, draft said order, and attend a pretrial conference before the Court rules on the motions described above that may dispose of or significantly limit any remaining triable issues. Ruling on these motions may alter or eliminate the need for witnesses and exhibits and increase the number of facts and agreements to which the parties may stipulate. An extension of pretrial deadlines is consistent with the goal of "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. Pro. 1, as it will ensure that the parties know what issues remain to be resolved at trial before they must complete final pretrial preparation, and may allow for a resolution of this matter without additional hearings and motion practice.

### **Defendant Aria's Position**

Mr. Aria is prudently opposing the Bureau's motion to postpone the pretrial deadlines because he has a parallel IRS criminal case with probable conflicting dates. The Bureau is well aware of Mr. Aria's criminal IRS case which during discovery the Bureau openly disclosed they are coordinating and working with the IRS. In fact, both the Civil and Criminal cases were primarily commenced and synchronized by the Bureau. (Aria Decl. ¶ 10, ECF No. 94–1 and Order Granting Stay at 6, ECF No. 34).

Unlike the Bureau, Mr. Aria has limited time and resources to litigate this civil matter along with his criminal case. This civil case (Compl., ECF No. 1) has been going on for over five years — Since October 29, 2015 — and it needs to

be resolved as soon as possible. Furthermore, on September 22, 2020, Judge Goddard ruled and denied (ECF No. 111) the Bureau's earlier motion (ECF No. 110) to postpone the similar pretrial deadlines.

Mr. Aria has a new sentence hearing on **April 5, 2021** (See United States v. Aria, 20-CR-3191, ECF No. 15 – Notice of Change of Hearing) with undetermined available future dates to complete the required pretrial matters. Mr. Aria is respectfully asking the court to deny the Bureau's repeated motions and requests for extension or postponement of the pretrial deadlines.

## Conclusion

To give the Court sufficient time to rule on the pending dispositive motions and to avoid the potential waste of resources for all parties that would follow from complying with the current pretrial deadlines before the Court issues its ruling on these motions, Plaintiff proposes that the Court issue an order either (1) resetting them for a reasonable time following the Court's determination of the Bureaus motions for partial summary judgment and default judgment, or (2) postponing them for a brief period, such as eight weeks, to enable the Court to decide the motions. Defendant asks the court to deny this motion.

                    Respectfully submitted,

                    John C. Wells
                    Deputy Enforcement Director

                    James T. Sugarman
                    Assistant Litigation Deputy

                     /s/ Nina Schichor
                    Nina Schichor, MD Bar
                    (MD Bar Does Not Issue Bar Numbers)
                    (E-mail: nina.schichor@cfpb.gov)
                    (Phone: 202-435-9770)
                    Amanda Roberson, MN Bar # 0398511
                    (E-mail: amanda.roberson@cfpb.gov)
                    (Phone: 202-435-9447)
                    *Enforcement Attorneys*
                    Consumer Financial Protection Bureau
                    1700 G Street NW
                    Washington, DC 20552
                    Fax: (202) 435-7722

Dated: January 7, 2021

# CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2021, I electronically filed the foregoing document via ECF and it was electronically sent to pro se Defendant Armond Aria.

       /s/ Nina Schichor
Nina Schichor
*Senior Litigation Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552