UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL FINANCIAL SUPPORT, INC., d/b/a STUDENT FINANCIAL RESOURCE CENTER, d/b/a COLLEGE FINANCIAL ADVISORY; and ARMOND ARIA, a/k/a ARMOND AMIR ARIA, individually, and as owner and CEO of Global Financial Support, Inc.,<br><br>Defendants. | Case No.:  15-cv-2440-GPC-AHG<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT ARMOND ARIA'S MOTION FOR RECONSIDERATION; AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND AMEND THE COMPLAINT**<br><br>**[ECF Nos. 122, 124]** |

Before the court are two motions: (1) Plaintiff's Motion to Modify Scheduling Order and Amend Complaint, ECF No. 122; and (2) Defendant Armond Aria's ("Defendant Aria") Motion for Reconsideration, ECF No. 124.  Upon considering all related documents, the Court **DENIES** Defendant Aria's Motion for Reconsideration, and **GRANTS** Plaintiff's Motion to Modify Scheduling Order and Amend Complaint so as to withdraw Counts Four and Five against Defendant Aria.

## BACKGROUND

The Court largely adopts the facts as stated in its January 25, 2021 Order. ECF No. 120. In it, the Court found Defendant Aria liable on Count One (albeit specifically on the 2011 to 2015 solicitation packets, not the 2016 solicitation packets), Count Two, and Count Three, and found Defendant Global Financial Support, Inc. ("Global") liable for Counts One through Five. Also, the Court found that a permanent injunction against Defendants was warranted,[1] and further ordered Defendants to be jointly and severally liable for $4,738,028 in restitution and $10 million in civil penalty. After the Order, the Clerk of Court entered the Default Judgment. ECF No. 121.

Plaintiff sought to file a joint motion which would dismiss Counts Four and Five against Defendant Aria, but Defendant Aria did not agree. *See* Decl. Nina Schichor 2, ECF No. 122-2. Thus, on February 16, 2021, Plaintiff filed its Motion to Modify Scheduling Order and Amend Complaint. ECF No. 122. Defendant Aria opposes the Motion, for he challenges the Court's January 25, 2021 Order, and would like to "seek[] his 'day in court'" and "have the matter decided by a jury of his peers." Opp'n Mot. Am. Compl. 4, 5, ECF No.126. Plaintiff filed its Reply. ECF No. 128.

On February 22, 2021, Defendant Aria filed his Motion for Reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 59(e).[2] ECF No. 124. Specifically, he would like the Court to reconsider the January 25, 2021 Order and the Default Judgment. He argues in part that with the criminal investigation having concluded on October 15, 2020 (which resulted in him pleading guilty to one count of signing a false

---

[1] The injunction will be issued in a separate order.

[2] The Court accepts Defendant Aria's admission of error, *see* Reply Mot. Recons. 2, ECF No. 129. Defendant Global is not a party to the Motion for Reconsideration, since Defendant Aria cannot represent Defendant Global on its behalf.

document), he "can now properly defend himself." *See* Mem. Mot. Recons. 2–3, ECF No. 124-1.  Plaintiff filed its Response, and Defendant Aria filed his Reply.  ECF Nos. 127, 129.

## **RECONSIDERATION**

The Court first addresses Defendant Aria's Motion for Reconsideration because it is one of the underlying bases for him opposing Plaintiff's Motion to Modify Scheduling Order and Amend Complaint.  Defendant Aria makes three primary points: (1) the Court erred by prematurely lifting the stay on the civil proceedings when the criminal investigation was pending; (2) genuine issues of material fact exist; and (3) the Clerk of Court erred when the Default Judgment "incorrectly includes Mr. Aria, when it should be against Global only." *See* Mem. Mot. Recons.  ECF No. 124-1.  None of them warrant reconsideration, an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 6 James W. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)).  Thus the Court **DENIES** Defendant Aria's Motion for Reconsideration.

The Court has discretion in granting or denying a motion for reconsideration, but such discretion is reserved for "highly unusual circumstances." *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1301 (S.D. Cal. 2014) (citations omitted), *aff'd*, 816 F.3d 1170 (9th Cir. 2016).  Specifically, reconsideration pursuant to Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* (quoting *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).  Most importantly: "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises*, 229 F.3d at 890 (emphasis

in original) (citation omitted).

Defendant Aria has not identified any change in the law, so presumably any basis for a reconsideration must turn to a presentation of newly discovered evidence, or a demonstration of "clear error" or "manifest injustice." Defendant Aria fails at both. Concerning newly discovered evidence, there is none except for Defendant Aria's two self-serving Declarations. *Cf. FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), *as amended* (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

The first Declaration is a collection of statements merely referring to records in the Court's docket. *See* ECF No. 124-2. The second Declaration asserts that Defendant Aria "can now openly provide the following 'withheld' evidence," yet there are no underlying documents attached. *See* ECF No. 129-1. Even assuming, arguendo, Defendant Aria's excuse for not introducing the "new" evidence as soon as the criminal matter concluded,[3] at minimum that evidence should be in front of this Court now—the very moment Defendant Aria wants the Court to reconsider the Order. With none present, "newly discovered evidence" cannot be the basis to overturn the Court's decision either.

This leaves Defendant Aria with the grounds of "clear error" or "manifest injustice," which he also fails to establish. As to these grounds, Defendant Aria argues

---

[3] To be clear, the excuse is not convincing. Defendant Aria's "thoughts" on how the Court will handle summary judgment or how he could present evidence at trial are far from adequate reasons to withhold any "new" documents for more than three months once the criminal matter closed. *See Kona Enterprises*, 229 F.3d at 890 (discussing how parties may not use Rule 59(e) to present new evidence when it could reasonably have been presented earlier). Defendant Aria could have even requested a new stay for additional discovery, or a leave to file a supplemental response based on the "new" circumstances—all of which were possible before summary judgment, yet did not occur.

that the Court erred by prematurely lifting the stay on the civil proceedings when the criminal investigation was pending. Mem. Mot. Recons. 4–6, ECF No. 124-1. To start, Defendant Aria's Motion is requesting the Court to reconsider the Court's January 25, 2021 Order and the Default Judgment, neither of which decided to lift the stay. Thus any reason why lifting the stay was wrong does not demonstrate clear error against the Court finding Defendants liable, for the two are at least a degree removed from each other.

More importantly, the challenge is grossly untimely. The Court's Order to lift the stay was issued on May 1, 2019. ECF No. 73. If this decision was such grave error, Defendant Aria was required to request reconsideration of it far earlier, and certainly not past the summary judgment stage. *See* Fed. R. Civ. P. 60(b), (c) (discussing how such motions must be filed "within a reasonable time," at least "no more than a year" since the order's entry); CivLR 7.1.i.2 (28 days). In fact, Defendant Aria even had one other opportunity to raise this matter. On April 6, 2020, Magistrate Judge Allison H. Goddard overruled Defendant Aria's objections to discovery, when he again requested the stay and re-asserted his claim of potential prejudice. *See* Order Granting Mot. Compel, ECF No. 96. Defendant Aria could have filed an objection, yet did not. *See* Fed. R. Civ. P. 72(a) (allowing parties to file an objection to the magistrate judge's order within 14 days after the order). With such procedural history in mind, any reconsideration based on potential errors in lifting the stay would be manifestly unjust against *Plaintiff*, for it would upset almost two-years' worth of Plaintiff's prosecution over the case. It would certainly contravene well-established law that a motion for reconsideration is not an opportunity to relitigate old matters. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citing 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). The Court will not do so.

Next, Defendant Aria argues that genuine issues of material fact exist, and that the Court made clear errors of law. *See* Mem. Mot. Recons. 6–9, ECF No. 124-1; Reply

Mot. Recons. 5–6, ECF No. 129.  Before the Court proceeds, it reiterates the standard for granting summary judgment: "there is no *genuine* dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (emphasis added).  The fact that Defendant Aria "disputes" Plaintiff's characterization of the events does not justify relief from summary judgment.  Otherwise summary judgment is meaningless.  A one-page declaration stating "I view things differently" would create a "dispute" and force every case to trial.

Yet that is effectively what Defendant Aria presents with one-sentence conclusions on each "dispute" in his opening brief, with no support as to *why* the Court should accept his positions.  When support is provided, it is—once again—his own self-serving Declaration.  *See* Mem. Mot. Recons. 6–9, ECF No. 124-1.  Such is not an adequate basis for clear error.

The Court addresses two instances in the opening brief when Defendant Aria did not cite to his own Declaration.  One is Exhibit E to his Opposition to Summary Judgment, ECF No. 112-8.  Contrary to Defendant Aria's characterization of the January 25, 2021 Order, the record shows the Court considered this evidence and rejected it—notably, in part because the underlying document was yet another declaration of his own.  *See* ECF No. 120 at 26 (citing Decl. Armond Aria, ¶¶ 185–213, ECF No. 112-2, which in turn references OSJX E1–E14).  The other is a citation to *Eitel v. McCool*, 82 F.2d 1470 (9th Cir. 1986) (discussing default judgment standards).  As discussed *supra* note 2, Defendant Aria cannot argue on behalf of Defendant Global, and thus his Motion for Reconsideration has no bearing on the Default Judgment.  But even with that aside, the January 25, 2021 Order already addressed Defendant Aria's point.  *See* ECF No. 120 at 35, 36 (fourth and seventh factor).

Defendant Aria's Reply brief does not fare much better.  On his claim regarding the Court's failure to consider certain facts, there is no explanation as to why it amounted

to clear error warranting a setting aside of the Court's summary judgment. Some of these claims are plain incorrect. For example, Defendant Aria's attempt at impeaching witnesses was addressed in the January 25, 2021 Order as discussed above, and his reliance on the supposed "low complaint rates" were answered too. *See id.* at 26, 27. Further, the Court implicitly responded to other claims, such as:

(1) How various parts of the 2011 to 2015 solicitation packets created a "net impression" of a financial application program that the "other example passages" did not overcome, *id.* at 20–22 (addressing points b, f, g, and h in the Reply brief);

(2) How "not being a college or government agency does not preclude the possibility of [misrepresenting itself as] an independent financial application program," *id.* at 22 (addressing points b, c, and g in the Reply brief); or

(3) How the packets gave the impression "that the Form will make a difference in what the consumers receive," and how even under Defendant Aria's standard, the expectation is that "the resultant product will differ based on 'a particular place or group of people,'" yet neither was the case, *id.* at 23–26 (addressing point e in the Reply brief).

Ultimately a court is under no obligation, even in summary judgment, to create "a Map of the Empire whose size was that of the Empire."[4] Courts omit granular details for brevity and clarity. With no further explanation from Defendant Aria on how a particular omission would alter the decision, the Court does not find clear error in considering the facts. *Cf. Permian Basin Petroleum Ass'n Chaves Cty. v. Dep't of the Interior*, No. 7:14-CV-50-RAJ, 2016 WL 4411550, at *7 (W.D. Tex. Feb. 29, 2016) (denying a Rule 59(e) motion to reconsider summary judgment, expressing that "the Court is not required to

---

[4] Jorge Luis Borges, *On Exactitude in Science* (trans. Andrew Hurley).

address every argument raised by the parties").

On Defendant Aria's claim regarding errors of law, none of the five points show clear error either. Rather, they are attempts at relitigating the case. First, while Defendant Aria asserts Global is just an "information aggregator," the January 25, 2021 Order already explained how Global's booklets constituted a "financial product or service" under the Consumer Financial Protection Act of 2010 ("CFPA"), subjecting Defendants to this lawsuit. *See* ECF No. 120 at 15–18. Second, while he argues the Court did not use the "reasonable consumer" standard,[5] multiple parts of the Order discussed how consumers acting reasonably were likely to be misled by Defendants' practices. *See, e.g., id.* at 19–20, 22–23, 28–29, 31. Third, while he argues the Court did not properly apply the "net impression" standard or consider "the entire business transaction," he fails to articulate what exactly the Court excluded. If he is referring to the Court's failure to consider certain facts, the Court addressed his concern above. Fourth, while he argues the Court should use net profit to determine restitution, he conceded this issue at summary judgment. The Court already discussed why the "full amount lost by consumers" may be an appropriate basis for restitution. *See id.* at 31 (citing *FTC v. Stefanchik*, 559 F.3d 924, 931 (9th Cir. 2009)). And *Liu v. SEC*, 140 S. Ct. 1936 (2020), a securities fraud case, has no bearing on whether restitution under the CFPA must exclusively be calculated by measure of net profits. Fifth and finally, while he argues deception is a jury question, he ignores the summary judgment standard. With

---

[5] The supporting case law presented in Defendant Aria's Reply all concern California's consumer protection laws. The Court considered whether Defendants' practice was "deceptive" under the CFPA, the basis for this lawsuit. Part of this analysis includes if the practice was "likely to mislead consumers acting reasonably under the circumstances." *See id.* at 18–19 (quoting *CFPB v. Gordon*, 819 F.3d 1179, 1192–93 (9th Cir. 2016)).

no genuine dispute over the underlying material facts, the Court decided that Defendants' practices constituted "deception" as a matter of law.

Finally, Defendant Aria argues that the Default Judgment incorrectly included him when it should only be against Defendant Global. Mem. Mot. Recons. 9, ECF No. 124-1. The Default Judgment includes no clear error because the Court already held that Defendant Aria is a "related person" under the CFPA, an issue uncontested even in the Motion for Reconsideration. And since the Court ruled Defendants jointly and severally liable, the Default Judgment's enumeration of both Defendants did not amount to clear error, nor does it constitute manifest injustice. With no indication that grounds for reconsideration exists, the Court affirms its summary judgment and default judgment.

## AMENDMENT OF SCHEDULING ORDER AND COMPLAINT

Having denied Defendant Aria's Motion for Reconsideration, the Court now considers Plaintiff's Motion to Amend Scheduling Order and Complaint. Plaintiff seeks to amend the Scheduling Order and Complaint so that Plaintiff may withdraw Counts Four and Five against Defendant Aria. But since the deadline to amend the Complaint has passed, Plaintiff also seeks to amend the schedule set in this case so that the requested amendment may be deemed filed.

Modifying the scheduling order requires good cause and the Court's consent. Fed. R. Civ. P. 16(b)(4). Here, good cause exists where the proposed withdrawal will promote the prompt resolution of this matter and conserve judicial resources.

Under Rule 15(a), amending the pleading requires the opposing party's written consent or the court's leave. At the same time, courts should freely give leave to amend the pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Absent prejudice to the opposing party, or "strong showing" of undue delay, bad faith, repeated failure to cure deficiencies by

amendments previously allowed, or futility of amendment, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *See id.* at 1051–52 (emphasis in original) (citations omitted).

Arguing that such prejudice would occur if the Court permits the amendment, Defendant Aria opposes Plaintiff's Motion. The bases for the alleged prejudice are that he would like his "day in court" to prove he is not liable, and that he moved to vacate the Court's January 25, 2021 Order. The second reason is no longer in play since the Court denied Defendant Aria's Motion for Reconsideration.

That leaves with Defendant Aria's insistence on having his day in court to prove he is not liable, yet the withdrawal of Counts Four and Five will have the same effect by removing any other claims that would create liability for Aria. The Court reads this claim in conjunction with his claimed right to a jury trial pursuant to the Seventh Amendment. Contrary to what Defendant Aria hopes for, a jury trial on Counts Four and Five will have no influence—whatsoever—on his liability under Counts One through Three or Defendant Global's liability under Counts One through Five. In other words, even if Defendant Aria prevails at trial on Counts Four and Five, that jury verdict will not undo the liabilities already decided by this Court. *Cf. Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1202 n.9 (9th Cir. 2009) (discussing how partial summary judgments remove from trial "matters wherein there is no genuine issue of fact").

Thus, at best, Defendant Aria's opposition is yet another challenge to the summary judgment, a plea that Counts One through Three should have been decided by the jury pursuant to his Seventh Amendment right. As Defendant Aria is aware, more than a hundred years' worth of Supreme Court jurisprudence affirms that "a summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial." *In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008) (citing *Fid. & Deposit Co. of Maryland v. United States*, 187 U.S. 315, 319–21 (1902); *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 251–52 (1986)).  And the Court has already explained, *supra* pages 5–8, why Defendant Aria's own narrative of the events does not generate genuine disputes over material facts that would avoid summary judgment.  It was Defendant Aria's own choices in this lawsuit—such as relying primarily on his own self-declarations—that led the Court to conclude the evidence is "so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251–52.  The Seventh Amendment is not a legitimate basis to overturn the consequences of Defendant Aria's choices.

Finally, there is no undue prejudice against Defendants when Plaintiff is *dropping* additional sources of liability.  *Cf. Edge Sys. LLC v. Aesthetic Skin Sys. LLC*, No. 17-CV-4597 PSG (AFM), 2018 WL 4859256, at *1 to *3 (C.D. Cal. June 15, 2018) (granting plaintiff's motion to drop two claims, in part because defendants have "no basis for forcing [plaintiffs] to litigate unwanted claims").  As such, the Court **GRANTS** Plaintiff's Motion to Amend Scheduling Order and Complaint.  Plaintiff's First Amended Complaint, Mot. Am. Compl. Ex. B, ECF No.122-4, is deemed filed, and accordingly, Counts Four and Five against Defendant Aria are deemed withdrawn.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Aria's Motion for Reconsideration, and **GRANTS** Plaintiff's Motion to Amend Scheduling Order and Complaint.  With Plaintiff's Motion to Modify Scheduling Order and Amend Complaint granted, the Court **ORDERS** that Counts Four and Five against Defendant Aria are withdrawn from the case.

**IT IS SO ORDERED.**

Dated:  March 25, 2021

Hon. Gonzalo P. Curiel
United States District Judge