UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL FINANCIAL SUPPORT, INC., d/b/a STUDENT FINANCIAL RESOURCE CENTER, d/b/a COLLEGE FINANCIAL ADVISORY; and ARMOND ARIA, a/k/a ARMOND AMIR ARIA, individually, and as owner and CEO of Global Financial Support, Inc.,<br><br>Defendants. | Case No.:  15-cv-2440-GPC-AHG<br><br>**AMENDED FINAL JUDGMENT AND ORDER** |

## **INTRODUCTION**

Plaintiff, the Consumer Financial Protection Bureau ("Bureau") commenced this civil action on October 29, 2015 under the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531, 5536(a)(1), 5564, and 5565, and Regulation P, 12 C.F.R. § 1016.4(a), against Defendants Armond Aria ("Aria") and Global Financial Support, Inc. ("Global"), by filing a Complaint for permanent injunctive relief, restitution, civil

penalties, and other relief for Defendants' acts or practices in violation of the CFPA and Regulation P in connection with Financial Advisory Services, specifically student financial aid.

On August 21, 2020, the Bureau filed a Motion for Partial Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure against Defendant Aria on Counts I, II, and III which all arise under the CFPA, (ECF No. 106,) and filed a Motion for Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendant Global on Counts I, II, III, and IV which arise under the CFPA, and Count V which arises under Regulation P, (ECF No. 107.)

On January 25, 2021, this Court granted in part Plaintiff's Motion for Partial Summary Judgment against Defendant Aria on Counts I, II, and III and granted Plaintiff's Motion for Default Judgment against Defendant Global on Counts I through V ("January 25, 2021 Order"), (ECF No. 120.)  The Court held Defendants jointly and severally liable for restitution in the amount of $4,738,028 and a civil money penalty in the amount of $10 million, and directed the Bureau to submit a proposed order so that the Court may issue an injunction of an appropriate scope against the Defendants. Subsequently, the Clerk of Court entered a Default Judgment that reflected the restitution and civil money penalties against Defendants.  (ECF No. 121.)

On March 26, 2021, the Court granted Plaintiff's Motion to Modify Scheduling Order and Amend Complaint, dropping Counts IV and V against Defendant Aria.  (ECF No. 131.)

Upon the First Amended Complaint deemed filed and pursuant to the Court's January 25, 2021 Order, including all findings therein, and resolving all claims in this matter, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

///

# DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1. "**Affected Consumers**" includes any consumer who paid a fee to Defendants for Financial Advisory Services between January 1, 2011 and the Effective Date.

2. "**Assets**" means any legal or equitable interest in, right to, or claim to any real, personal, or intellectual property owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, any Defendant, wherever located, whether in the United States or abroad.  This includes, but is not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts, including, but not limited to any trust held for the benefit of any Defendant.

3. "**Assisting Others**" includes, but is not limited to:
   a. Consulting in any form whatsoever;
   b. Providing paralegal or administrative support services;
   c. Performing customer service functions including, but not limited to, receiving or responding to consumer complaints;
   d. Formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication;
   e. Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name

                registration for any Internet websites, affiliate marketing services, or media placement services;

    f.     Providing names of, or assisting in the generation of, potential customers;

    g.    Performing marketing, billing, or payment services of any kind; or

    h.    Acting or serving as an owner, officer, director, manager, or principal of any entity.

4. "**Consumer Financial Product or Service**" is synonymous in meaning and equal in scope to the definition of the term in Section 1002(5) of the CFPA, 12 U.S.C. § 5481(5), and, subject to applicable restrictions contained in the CFPA, includes but is not limited to: providing Financial Advisory Services to consumers on individual consumer financial matters or relating to proprietary financial products or services, including providing credit counseling to any consumer or providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure.

5. "**Defendants**" means Armond Aria a/k/a Armond Amir Aria, and by any other names by which he may be known, individually, and as owner and CEO of Global Financial Support, Inc., and Global Financial Support, Inc., and its successors and assigns who receive actual notice of this Order by personal service or otherwise.

6. "**Effective Date**" means the date on which the Order is entered on the docket.

7. "**Enforcement Director**" means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau, or his or her delegate.

/ / /

8. **"Financial Advisory Services"** includes providing services to consumers on individual financial matters or relating to proprietary financial products or services, including but not limited to:

    a.    Providing credit counseling to any consumer; and

    b.    Providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure.

9. **"Related Consumer Action"** means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against any Defendant based on substantially the same facts as described in the First Amended Complaint.

10. **"Relevant Period"** includes the period from January 1, 2011 to the Effective Date.

## ORDER

### I. BAN ON THE PROVISION OF FINANCIAL ADVISORY SERVICES

**IT IS ORDERED** that:

11. Defendants, whether acting directly or indirectly, are permanently restrained from or Assisting Others in any of the following:

    a.    Advertising, marketing, promoting, offering for sale, selling, assisting in the sale of, or providing any Financial Advisory Services;

    b.    Receiving any remuneration or other consideration from, holding any ownership interest in, providing services to, or working in any capacity for any person engaged in advertising, marketing, promoting, offering for sale, selling, or providing any Financial Advisory Services; and

/ / /

      c.      Attempting to collect, collecting, or selling or assigning any right to collect payments from consumers who purchased or agreed to purchase any Financial Advisory Services from Defendants. Any further payments received from consumers shall be immediately returned by Defendants.

## II.  PROHIBITION ON DECEPTIVE PRACTICES

**IT IS FURTHER ORDERED** that:

12. Defendants, and their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any Consumer Financial Product or Service, may not mispresent, or Assist Others in misrepresenting, expressly or impliedly:

      a.      That Defendants will help consumers obtain or find financial aid or grants, or that Defendants will apply for financial aid on behalf of consumers;

      b.      That Defendants will target or match consumers with particular financial aid opportunities;

      c.      That consumers will lose out on financial aid if they do not respond by a specified deadline;

      d.      That Defendants are affiliated with the federal government, or any college or university, in any way;

      e.      The total cost of the product or service; and

      f.      Any other fact material to consumers, such as any material restrictions, limitations, or conditions.

///

### III.  PROHIBITION ON VIOLATIONS OF "REGULATION P"

**IT IS FURTHER ORDERED** that:

13. Defendant Global and its officers, agents, servants, employees, attorneys, subsidiaries, affiliates, and successors in interest, and those persons in active concert or participation with any of them, who have actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any Consumer Financial Product or Service are hereby permanently restrained and enjoined from engaging in, or Assisting Others in engaging in, the following conduct:

    a. Failing to provide customers with a clear and conspicuous initial privacy notice upon commencement of a customer relationship in violation of Regulation P, 12 C.F.R. § 1016.4(a); and

    b. Any other conduct in violation of Regulation P, 12 C.F.R. § 1016.

### IV.  PROHIBITION ON USING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that:

14. Defendant Global, and its officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, may not disclose, use, or benefit from customer information, including the customer's name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendant Global obtained before the Effective Date in connection with Consumer Financial Products or Services offered by Defendant Global. *However*, customer information may be disclosed if requested by a government agency or required by law, regulation, or court order.

///

## V.   COOPERATION WITH THE BUREAU

**IT IS FURTHER ORDERED** that:

15.   Defendants must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendants must provide such information in its or its agents' possession or control to the Bureau within fourteen (14) days of the Effective Date.

## VI.   ORDER TO PAY REDRESS

**IT IS FURTHER ORDERED** that:

16.   A judgment for monetary relief is entered in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $4,738,028 for the purpose of providing redress to Affected Consumers.

17.   Within ten (10) days of the Effective Date, Defendants must pay $4,738,028 by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

18.   Defendants are liable for this amount, which represents the revenue gained as a result of the conduct alleged in the First Amended Complaint minus refunds already provided to consumers, with post-judgment interest at the legal rate.

19.   This monetary judgment is enforceable against any Asset owned by, on behalf of, for the benefit of, or in the trust by or for, any Defendant.

20.   With regard to any redress that Defendants pay under this Section (Order to Pay Redress), if any Defendant receives, directly or indirectly, any reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, or if any Defendant secures a tax deduction or tax credit with regard to any federal, state, or local tax, such Defendant must: (a) immediately notify the Enforcement Director in writing, and (b) within ten (10) days of receiving the funds or monetary benefit, such Defendant must transfer to the Bureau the full amount of such

funds or monetary benefit ("Additional Payment") to the Bureau or to the Bureau's agent according to the Bureau's wiring instructions. After the Bureau receives the Additional Payment, that payment will be applied toward the judgment.

21.     Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or the Bureau's agent according to applicable statutes and regulations to be used for redress for Affected Consumers, including, but not limited to, refund of moneys, restitution, damages or other monetary relief, and for any attendant expenses for the administration of any such redress.

22.     If the Bureau determines, in its sole discretion, that providing redress to consumers is wholly or partially impracticable or if funds remain after the administration of redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Defendants will have no right to challenge the Bureau's choice of remedies under this Section (Order to Pay Redress) and will have no right to contest the manner of distribution chosen by the Bureau.

23.     Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## VII.   ORDER TO PAY CIVIL MONEY PENALTIES

**IT IS FURTHER ORDERED** that:

24.     Under Section 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law found herein, and taking into account the factors in 12 U.S.C. § 5565(c)(3), Defendants must pay a civil money penalty of ten million dollars ($10,000,000) to the Bureau, with post-judgment interest at the legal rate. Defendants are jointly and severally liable for this amount. This monetary judgment is enforceable against any asset owned by, on behalf of, for the benefit of, or in trust by or for, any Defendant.

25. Within ten (10) days of the Effective Date, Defendants must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

26. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by Section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

27. For all purposes, Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government.  Regardless of how the Bureau ultimately uses those funds, Defendants may not:

    a. Claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

    b. Seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, regarding any civil money penalty paid under this Order.

28. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendants may not argue that any Defendant is entitled to, nor may any Defendant benefit by, any offset or reduction of any compensatory monetary remedies imposed in a Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund.  If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against any Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, such Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau, and pay the amount of the offset or reduction to the U.S. Treasury.  Such a payment will not be considered an

additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

29. The civil penalty imposed by this Order represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, thus, is not subject to discharge under the Bankruptcy Code under 11 U.S.C. § 523(a)(7).

## VIII. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

30. In the event of any default on Defendants' obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment, and will immediately become due and payable.

31. Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law and no part of the funds may be returned to Defendants.

32. The factual findings issued by this Court in the January 25, 2021 Order, (ECF No. 120,) will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order, or in any subsequent civil litigation by or on behalf of the Bureau in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case.

33. The factual findings issued by this Court in the January 25, 2021 Order, (ECF No. 120,) establish all elements necessary to sustain an action by the Bureau under Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against Defendants, even in any such Defendant's capacity as debtor-in-possession.

///

34. Under 31 U.S.C. § 7701, Defendants, unless they have already done so, must furnish to the Bureau any taxpayer identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

35. Within thirty (30) days of the entry of a final judgment, Order, or settlement in a Related Consumer Action, Defendants must notify the Enforcement Director of the final judgment, Order, or settlement in writing. That notification must indicate the amount of redress, if any, that any such Defendant paid or is required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid.

36. Upon written request of a representative of the Bureau, any consumer reporting agency must furnish consumer reports to the Bureau concerning Defendants under Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## IX.   REPORTING REQUIREMENTS

**IT IS FURTHER ORDERED** that:

37. Defendant Aria must notify the Bureau of any development that may affect compliance obligations arising under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against any Defendant; or a change in any Defendant's name or address. Defendant Aria must provide this notice at least thirty (30) days before the development or as soon as practicable after the learning about the development, whichever is sooner.

/ / /

38. Within seven (7) days of the Effective Date, Defendant Aria must:
    a. Designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with such Defendant;
    b. Identify all businesses for which any Defendant is the majority owner, or that such Defendant directly or indirectly controls, by all their names, telephone numbers, and physical, postal, email, and Internet addresses;
    c. Describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales;
    d. Identify Defendant Aria's telephone numbers and all email, Internet, physical, and postal addresses, including all residences; and
    e. Describe in detail Defendant Aria's involvement in any business for which he performs services in any capacity or which he wholly or partially owns, including Defendant's title, role, responsibilities, participation, authority, control, and ownership.

39. Within seven (7) days after entry of this Order, both Defendants shall prepare and deliver to counsel for the Bureau a completed financial statement that includes any assets located inside or outside the territorial United States and is accurate as of the date of service of this Order, in the form of Attachment A to this Order. This financial statement must be sworn to under penalty of perjury.

40. Defendant Aria must report any change in the information required to be submitted under Paragraph 38 above at least thirty (30) days before the change or as soon as practicable after learning about the change, whichever is sooner.

///

41. Within ninety (90) days of the Effective Date, and again one (1) year after the Effective Date, each Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn under penalty of perjury ("Compliance Report"), which, at a minimum:

    a.    Lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which such Defendant has complied with each such paragraph and subparagraph of this Order; and

    b.    Attaches a copy of each "Order Acknowledgment" obtained under Section X, unless previously submitted to the Bureau.

## X.    ORDER DISTRIBUTION AND ACKNOWLEDGMENT

**IT IS FURTHER ORDERED** that:

42. Within seven (7) days of the Effective Date, Defendants must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

43. Within thirty (30) days of the Effective Date, Defendants, for any business for which any Defendant is the majority owner or which any Defendant directly or indirectly controls, must deliver a copy of this Order to each of its board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

44. For ten (10) years from the Effective Date, Defendants, for any business for which any Defendant is the majority owner or which any Defendant directly or indirectly controls, must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section IX (Reporting Requirements), any future board members and executive officers, as well as to any managers, employees, service

providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities, and any entity or regulatory body from whom any Defendant seeks a business license.

45. Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within thirty (30) days of delivery, from all persons receiving a copy of this Order under this Section (Order Distribution and Acknowledgment).

46. Within ninety (90) days of the Effective Date, Defendants must provide the Bureau with a list of all persons and their titles to whom this Order was delivered through that date under Paragraphs 43 and 44 and a copy of all signed and dated statements acknowledging receipt of this Order under Paragraph 45.

## XI.   RECORDKEEPING

**IT IS FURTHER ORDERED** that:

47. Defendants must create and retain, for at least ten (10) years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order.

48. Defendants must make the documents identified in Paragraph 47 available to the Bureau upon the Bureau's request.

## XII.   NOTICES

**IT IS FURTHER ORDERED** that:

49. Unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. Global Financial Support, Inc., et al.*, Case No. 15-cv-02440-GPC-AHG" and send them by overnight courier or first-class mail to the below address and contemporaneously by email to:

a. Enforcement_Compliance@cfpb.gov; and

b. Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTENTION: Office of Enforcement
1700 G Street, N.W.
Washington D.C. 20552

The Enforcement Director may, in his or her discretion, modify any non-material requirements of this Order (e.g., reasonable extensions of time and changes to reporting requirements) if he or she determines good cause justifies the modification. Any such modification by the Enforcement Director must be in writing.

### XIII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, to monitor Defendants' compliance with this Order:

50. Within fourteen (14) days of receipt of a written request from the Bureau, Defendants must submit compliance reports or other requested information, which must be sworn to under penalty of perjury; provide sworn testimony; or produce documents.

51. For purposes of this Section, the Bureau may communicate directly with any Defendant, unless such Defendant retains counsel related to these communications.

52. Defendants must permit Bureau representatives to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

53. Nothing in this Order will limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or other compulsory process.

### XIV.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that:

54. The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

## XV.   SERVICE

**IT IS FURTHER ORDERED** that:

55.   This Order may be served upon Defendants by electronic mail at the email address provided by Defendant Aria to the Court on behalf of Defendant Aria and Defendant Global.

*   *   *

**IT IS SO ORDERED**, this 29 day of March, 2021.

Dated:  March 29, 2021

Hon. Gonzalo P. Curiel
United States District Judge