UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL FINANCIAL SUPPORT, INC., d/b/a STUDENT FINANCIAL RESOURCE CENTER, d/b/a COLLEGE FINANCIAL ADVISORY; and<br><br>ARMOND ARIA a/k/a ARMOND AMIR ARIA, individually, and as owner and CEO of GLOBAL FINANCIAL SUPPORT, INC.,<br><br>Defendants. | Case No.:  15-cv-2440-GPC<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO STAY PENDING APPEAL**<br><br>**[ECF No. 143]** |

On August 22, 2021, Defendant Armond Aria ("Defendant"), proceeding *pro se*, filed the instant Motion to Stay Pending Appeal. ECF No. 143. The motion has been fully briefed. ECF Nos. 145, 146. Upon consideration of the moving papers and the applicable law, and for the following reasons, the Court DENIES Defendant's motion to stay the execution of judgment pending appeal without a supersedeas bond. However, the Court

1

15-cv-2440-GPC

GRANTS a temporary stay of thirty (30) days to allow Defendant an opportunity to post a supersedeas bond.

## I.   BACKGROUND

On October 29, 2015, Plaintiff Consumer Financial Protection Bureau ("Plaintiff") filed its Complaint against Defendants for alleged violations of various sections of the Consumer Financial Protection Act ("CFPA") and 12 U.S.C. §§ 5531, 5536(a)(1)(B), 5564(a) and 5565 in connection with the offering, marketing, sale, and provision of deceptive student financial aid advisory services. ECF No. 1; *see also* ECF No. 131 (Plaintiff's Amended Complaint, dropping Counts IV and V against Defendant Aria). This Court previously stayed the civil proceedings from May 17, 2016 to May 27, 2019 based on an ongoing parallel criminal investigation of Defendant. ECF No. 73. On January 25, 2021, this Court granted partial summary judgment for Plaintiff against Defendant Armond Aria and granted Plaintiff's motion for default judgment against Global Financial Support, Inc. ("Global"). ECF No. 120. The Court held Defendants jointly and severally liable for restitution in the amount of $4,738,028 and a civil money penalty in the amount of $10 million, and the Clerk of Court subsequently entered a Default Judgment that reflected the restitution and civil money penalties against Defendants. ECF No. 121.

On March 29, 2021, this Court entered an Amended Final Judgment and Order for: (1) a permanent ban on the provision of financial advisory services by Defendants, whether acting directly or indirectly; (2) a prohibition on deceptive practices in connection with the advertising, marketing, promotion, sale, or performance of any consumer financial product or service; (3) a prohibition on violations of Regulation P, 12 C.F.R. § 1016.4(a); (4) a prohibition on using or disclosing customer information except where requested by a government agency or required by law or court order; (5) an order that Defendants cooperate fully with CFPB to determine the identity, location, and

amount of injury with regard to each affected consumer; (6) an order that Defendants pay redress in the amount of $4,738,028; (7) an order that Defendants pay a civil money penalty of $10 million dollars; and additional monetary, record-keeping, reporting, and notice requirements. ECF No. 132.

Defendant then moved for reconsideration and to stay all proceedings, which this Court denied. ECF Nos. 131, 135. On May 19, 2021, Defendant noticed an appeal before the Ninth Circuit, Docket No. 21-55525. ECF No. 139. Defendant was incarcerated following related criminal proceedings from April 5, 2021 to August 3, 2021. *United States v. Aria*, No. 20-cr-3191, ECF No. 28 (S.D.Cal. Apr. 8, 2021). On April 9, 2021, the Bureau agreed to Defendant's request to postpone compliance with certain provisions of the Court's order while Defendant was incarcerated. Schichor Decl. ¶ 4 (ECF No. 145-1 at 2). The extension lasted until August 18, 2021. *Id.* On August 18, 2021, Defendant improperly emailed the Court with a "request for extension of time to comply with ECF No. 132," and was advised that the Court would not consider this informal request. The same grounds contained in that email now form the basis of Defendant's instant motion, which is short and summary: Defendant requests a stay of execution of judgment based on the fact that, following Defendant's release from 120-day custody, Defendant is "now attempting to return to some sense of normalcy, which includes rebuilding [his] health after having lost nearly 40 pounds" during detention. ECF No. 143-1 at 2. The motion provides no further rationale, and Defendant has not posted a bond or other security relating to the requested relief.

## II. DISCUSSION

Generally, the district court is divested of jurisdiction over the matters being appealed once an appeal is filed. *NRDC, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, the district court retains jurisdiction to handle stays of

judgment and to modify injunctions pending appeal, a limited exception codified in Federal Rule of Civil Procedure ("Rule") 62. *Id.*

Rule 62 provides that if an appeal is taken, the appellant may obtain a stay of execution of judgment by posting a supersedeas bond. Fed. R. Civ. P. 62(b) and (d). The purpose of the supersedeas bond is to secure an appellee from a loss that may result from the stay of execution. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). While Rule 62 "is silent on the amount of such a bond," district courts have discretion to determine the appropriate amount. *ThermoLife International, LLC v. Myogenix Corp.*, No. 13-cv-651-JLS, 2018 WL 1001095, at *2 (S.D.Cal. Feb. 21, 2018) (quoting *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, No. 2:11-cv-3838-ODW, 2013 WL 361109, at *1 (C.D. Cal. Jan. 30, 2013)). "Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *Id.* (quoting *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012)).

"When a party wishes a court to "depart from the usual requirement of a full security supersedeas bond," the burden is on the moving party to show reasons for the departure from the normal practice." *Salameh v. Tarsadia Hotel*, 2015 WL 13158486, at *2 (S.D. Cal. May 19, 2015) (citing *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). A district court may either waive the bond requirement or allow the judgment debtor to use some alternative type of security. *ThermoLife International, LLC v. Myogenix Corp.*, 2018 WL 1001095 at *1 (S.D.Cal. Feb. 21, 2018). In determining whether to waive the posting of a bond, courts consider what are known as the *Dillon* factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious

financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Dillon v. Chicago*, 866 F.2d 902, 904-04 (7th Cir. 1988); *see ThermoLife*, 2018 WL 1001095; *see also Kranson v. Fed. Express Corp.*, No. 11-cv-5826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) ("Courts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement."). "Plaintiffs bear the burden of formulating an alternative plan and the court will not imagine one of its own." *Salameh*, 2015 WL 13158486, at *2.

      Here, Defendant requests that his compliance with "any district court orders be stayed until the appellate court rules on the matter." ECF No. 143-1 at 2. Defendant's sole justification is his attempt to "return to some sense of normalcy," including "rebuilding [his] health" following his incarceration. *Id.* The Court notes that Defendant's request seems to cover the entirety of the Amended Final Judgment and Order, including its injunctive and prohibitory provisions. Insofar as Defendant may be requesting a stay of the judgment's provisions unrelated to restitution and monetary penalties, his request is denied. Defendant has provided no justification for a stay of any of the non-monetary provisions of the judgment.

      Therefore, only Sections VI and VII of the Amended Final Judgment and Order (ECF No. 132) remain at issue. Defendant's arguments rest on the fifth *Dillon* factor: a precarious financial situation that puts other creditors in an insecure position. Defendant's Reply Brief argues that he is unable to post a supersedeas bond because he has exhausted his life savings, needs money to cover living expenses and the costs of his appeal, and if forced to post a bond of more than $2000, will be "forced to prematurely file for bankruptcy because the Bureau can freeze [Defendant]'s personal bank account and start the proceedings to sell his primary residence while he appeals this case." ECF No. 146 at 3. In addition, Defendant argues that a bond would place his other creditors, "such as his Mortgage Company, Home Equity Loan, and Home Association" in an insecure position.

Defendant also argues that he is likely to win his appeal, and that he will "comply with the orders to the extent that he is able." *Id.* at 4.

A sister district court within our circuit found similar arguments unconvincing. In *United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, No. CV-06-01381, 2010 WL 384594 (D. Ariz. Jan. 29, 2010), Plaintiff Cafasso moved to stay a monetary judgment entered against her because of her inability to pay either the judgment or the bond, requesting that the court waive any bond requirement and suggesting the dissipation of her retirement funds as alternative security. The court, proceeding under the *Dillon* factors, rejected these requests. It reasoned that Cafasso, who was living on credit at the time, did not explain how expanding her debt during the requested stay would leave the judgment creditor "in as good a position later as it would have as a diligent creditor now," nor did she explain "why bankruptcy is inadequate to protect her from execution." *Id.* at *4. The court therefore ruled that the judgment creditor was entitled to execute on its judgment. *Id.*

Here, Defendant has not offered any alternative security, and it is not the Court's role to "imagine" an alternative to a supersedeas bond on Defendant's behalf. *Salameh*, 2015 WL 13158486, at *2. The Court finds that the *Dillon* factors do not weigh in favor of waiving the bond requirement. As to the first two factors, Defendant has not offered any arguments or basis for the Court to consider the complexity of the collection process or the amount of time required to obtain a judgment after it is affirmed on appeal. The Court is not confident in the availability of funds to pay the judgment, and it is clear from the moving papers that the Defendant's ability to pay the judgment is not so plain the cost of a bond would be a waste of money. As to the final factor, Defendant has asserted a precarious financial position, but the assertion that he "has practically almost no assets" is belied by Defendant's repeated mentions of the residence he owns. ECF No. 146 at 4. Nor does the Court find it convincing that Defendant's recent release from incarceration

constitutes a reason supporting an inability to pay. The Court agrees with Plaintiffs that granting an unbonded stay would be contrary to the public interest because Defendant's resources may diminish over time, making it more difficult to provide redress and recovery to Defendant's former consumers as ordered by this Court. ECF No. 145 at 5. *See FTC v. Am. Tax Relief, LLC*, No. 11-6397, 2012 WL 12886917, at *2 (C.D. Cal. June 19, 2012) ("[T]he public interest strongly weighs against a stay . . . [where] the alleged victims of a fraud have an interest in achieving compensation if they are entitled to it."). This is especially true where Defendant himself asserts that his debt is currently expanding, as he is borrowing money to cover living expenses. ECF No. 146 at 3. Defendant has not met his burden to show why this Court should depart from the usual requirement of a full security supersedeas bond in order to grant a stay of judgment pending appeal.

### III.   CONCLUSION

Based on the reasoning above, the Court DENIES Defendant's motion for order staying enforcement of judgment through appeal without a bond. However, the Court GRANTS a temporary stay of thirty (30) days with regard to Sections VI and VII of the Amended Final Judgment and Order (ECF No. 132) to allow Defendant an opportunity to post a supersedeas bond of $4,738,028. Once Defendant obtains a bond, Defendant is directed to submit to the Court the bond and a proposed order to stay enforcement of judgment as to Sections VI and VII of the Amended Final Judgment and Order while the appeal is pending. If a bond is not submitted within thirty (30) days, the temporary stay shall be automatically lifted.

**IT IS SO ORDERED.**

Dated: October 20, 2021

Hon. Gonzalo P. Curiel
United States District Judge